AO 241 (Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District of Massachusetts |
|---|---|
| Name (under which you were convicted): James Peter Kyricopoulos | Docket or Case No.: 1377CR00547 |
| Place of Confinement: Old Colony Corr. Center Minimum Security, 1 Administration Rd. Bridgewater, Mass. 02324 | Prisoner No.: W-105398 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JAMES PETER KYRICOPOULOS | v. ERIN GAFFNEY |

The Attorney General of the State of Massachusetts, Maura Healey

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Lawrence Superior Court
    1 Appleton Way
    Lawrence, Mass. 01841

    (b) Criminal docket or case number (if you know): 1377CR00547

2.  (a) Date of the judgment of conviction (if you know): October 21, 2014

    (b) Date of sentencing: October 27, 2014

3.  Length of sentence: 30-5 years, probation plus restitution

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Larceny over $250.00,

6.  (a) What was your plea? (Check one)

    ☒ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty            ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

                    n/a

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:  **Massachusetts Appeals Court**

(b) Docket or case number (if you know):  **2016-P-0967**

(c) Result:  **None, appeal never adjudicated, no transcripts.**

(d) Date of result (if you know):  **?**

(e) Citation to the case (if you know):  **n/a**

(f) Grounds raised:  **n/a**

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court:  **Supreme Judical Court**

(2) Docket or case number (if you know):  **SJ-2016-0342**

(3) Result:  **refused to intervene.**

(4) Date of result (if you know):  **Sept. 6, 2016.**

(5) Citation to the case (if you know):   n/a

(6) Grounds raised:   Trial Court refused to forward transcripts of trial to petitioner.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:   Lawrence Superior Court

(2) Docket or case number (if you know):   1377CR00547

(3) Date of filing (if you know):   Oct. 28, 2014

(4) Nature of the proceeding:   Petition of Unlawful Restraint pursuant to Crim. R. 30(a).

(5) Grounds raised:   arrested without probable cause, denied fair trial, denied equal protection of law.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:   Denied without a hearing.

(8) Date of result (if you know):   11/03/2014

(b) If you filed any second petition, application, or motion, give the same information:   n/a

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? n/a

    ☐ Yes   ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:   n/a

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? **n/a**

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  **XX** Yes  ☐ No

(2) Second petition: ☐ Yes  ☐ No

(3) Third petition: ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

**n/a**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. **arrested without probable cause, 4th and 14th amendments, 14th amend. blocking Appeal, 14th a.**

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

**see attached petition of constitutional deprivations for SJC no. Sj-2017-0182.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**again see attached documents, titled Total Constitutional deprivations, clear inference can be drawn.**

(b) If you did not exhaust your state remedies on Ground One, explain why:

**Again Appeal was blocked, never adjudicated.**

(c)     Direct Appeal of Ground One: **Appeal never adjudicated.**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) Post-Conviction Proceedings:    **see attached statement of fact.**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☒ Yes    ☐ No    **again see attached total const. violations and statement of fact.**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Petoition of Unlawful Restraint. pur. to Crim. R. 30A.**

Name and location of the court where the motion or petition was filed:
**Lawrence Superior Court.**

Docket or case number (if you know): **1377CR00547.**

Date of the court's decision: **denied**

Result (attach a copy of the court's opinion or order, if available): **see attached copy., then filed Motion to Amend, with Amended petition, Allowed to Motion to Amend, amended petition denied on April 15, 2015, see copy of docket entry, printed out on April 15, 2015.**

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes    ☐ No
     **appeal was blocked.**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Massachusetts Appeals Court some 14 months later.**

Docket or case number (if you know): **2016-J_-0223.**

Date of the court's decision: **June 9, 2016.**

Result (attach a copy of the court's opinion or order, if available): **see attached copy. refused to docket appeal for adjudication.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

       **n/a**

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**Filed Writ of Mandamus, to Supreme Judicial Court, no. Sj-2016-0342, denied Sept. 6, 2016.**

GROUND TWO:
**above see above entry, not adjudicated.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**Refused to docket and adjudicate Appeal of Amended Crim. R. 30A Petition of Unlawful Restraint.**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **see above entry.**

(c) Direct Appeal of Ground Two: **n/a**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No **n/a**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

see statement of fact.

GROUND THREE:
see statement of fact.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

see statement of fact.

(c)    Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No        see statement of fact.

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

see statement of fact.

GROUND FOUR:
see statement of fact.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

see statement of fact.

AO 241 (Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   The petitioner filed Writ of Mandamus, included all issues included within attached document, total constitutional deprivations, no. SJ-2017-0182, denied on June 12, 2017, by Single Justice Elspeth Cypher of SJC on June 12, 2017, by colluding with AG to falsify docket entries, and committ perjury.

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   n/a

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

   habeas corpus-no. 15-12789-IT, dimissed without/prejudice, dated March 31, 2016, did not exhause state remedies.
   habeas corpus no. 16-12431-IT, dismissed for not exhausting state remedies.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Attorney Allison

(b) At arraignment and plea: pro-se

(c) At trial: pro-se

(d) At sentencing: pro-se

(e) On appeal: pro-se

(f) In any post-conviction proceeding: pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding:

pro-se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

n/a

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Forward a criminal referral to the Bar of Overseers, and proper government office for investigation/prosecution;

or any other relief to which petitioner may be entitled.

forward a referral to the commission on judicial conduct, vacate the criminal conviction, dismiss all charges with prejudice;
immediate release from prison, and
that the petitioner was ~~falsely arrested, falsely imprisoned~~, and can sue the state agents, etc ~~(for violation of)~~ petitioner's civil rights, including Lawrence Police Department and DA, and AG

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  n/a  (month, date, year).

was mailed home, and girl friend mailed out the petition, caught DOC tampering with petitioner's mail.

Executed (signed) on  Sept 9, 2017  (date).

Signature of Petitioner
James Peter Kyricopoulos

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.