UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JAMES PETER KYRICOPOULOS,                )
     Petitioner,                          )
                                         )
v.                                       )      Civil Action No. 17-11778-FDS
                                         )
ERIN GAFFNEY,                            )
     Respondent.                          )
_____  )

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS**

This memorandum is submitted in support of the respondent's motion to dismiss this

habeas corpus petition filed by James Kyricopoulos (the "petitioner").  As argued in this

memorandum, the petition should be dismissed where it contains at least two unexhausted

claims.[1]  *See Rose v. Lundy*, 455 U.S. 509, 518-519 (1982).

**PRIOR PROCEEDINGS**

**A.  The Massachusetts State Court Proceedings.**

On April 22, 2013, an Essex County Grand Jury returned an indictment charging James

Kyricopoulos with nineteen counts of larceny over $250.  *See* Respondent's Ex. 1, Docket

Sheets, *Commonwealth v. Kyricopoulos*, 1377CR00547.  On October 21, 2014, after a six-day

jury trial before Massachusetts Superior Court Associate Justice Thomas Drechsler, the jury

found the petitioner guilty on all counts.  *Id.* The trial judge sentenced the petitioner to three to

five years in prison, with eight years of probation after his release.  *Id*.  The petitioner timely

appealed on October 28, 2014.  After his conviction, the petitioner filed a renewed motion for a

_____

[1] In the event this Court declines to dismiss the petition on the ground set forth in this
memorandum, the respondent reserves the right, and requests the opportunity, to brief the merits
of the remaining claim or claims in this petition.

required finding of not guilty (P#85), which was denied on October 28, 2014.  *Id.*  The petitioner

also filed a petition for release from unlawful restraint (P#88) on October 29, 2014, an amended

version of the petition for release from unlawful restraint (P#90), and a motion to revise and

revoke his sentence (P#91) on January 5, 2015.  *See* Respondent's Ex. 1, Docket Sheets,

*Commonwealth v. Kyricopoulos*, 1377CR00547.  *Id.*  The petitioner's motion to revise and

revoke his sentence was denied on February 23, 2015.  *Id.*  On April 15, 2015, the trial judge

denied the petitioner's amended version of the petition for release from unlawful restraint

(P#90).  *Id.*  Kyricopoulos filed his notice of appeal (P#101) on April 28, 2015.

Two different appeals entered in the Massachusetts Appeals Court.  *See* Respondent Ex.

2, Docket Sheets, *Commonwealth v. James R. Kyricopoulos*, 2016-P-0967, and Respondent Ex.

3, Docket Sheets, *Commonwealth v. James R. Kyricopoulos*, 2016-J-0223.  On July 18, 2016, the

Appeals Court issued the following order in *Commonwealth v. James R. Kyricopoulos*, 2016-J-

0223:

> The appeal from ESCR2013-0547 was entered on the Appeals Court docket in
> 16-P [-] 967.  It was automatically entered pursuant to MRAP 10(a)(2). All future
> filings should be made on 16-P-967; accordingly, defendant's "Motion to compel"
> and "Motion to separate two appeals" are denied without prejudice to renewal
> on 16-P-967. 16-J-223 is decided and closed.

*Id.*  The same order was entered in *Commonwealth v. James R. Kyricopoulos*, 2016-P-0967.  *See*

Respondent Ex. 2, Docket Sheets, *Commonwealth v. James R. Kyricopoulos*, 2016-P-0967.  On

August 1, 2016, the petitioner filed a motion for an expedited ruling and a motion to stay in

*Commonwealth v. James R. Kyricopoulos*, 2016-P-0967.  *Id.*  On August 3, 2016, the Appeals

Court allowed the motion to stay appellate proceedings to September 2, 2016, and the remainder

of relief requested was denied without prejudice to renewal in the trial court, with a status report

to be filed on or before September 2, 2016.  *Id.*  In the meantime, the petitioner filed a petition

pursuant to M.G.L. c. 211, § 3 in the Supreme Judicial Court, where it was denied by a Single

Justice (Gaziano, J.).  *Id.* at # 7.  On June 7, 2017, the petitioner's appeal was dismissed for lack

of prosecution.  *See* Respondent Ex. 2, Docket Sheets, *Commonwealth v. James R. Kyricopoulos*,

2016-P-0967.

On April 28, 2017, the petitioner filed a request for relief pursuant to M.G.L. c. 211, § 3

seeking an expedited ruling regarding the production of a transcript.  *See* Respondent's Ex. 4,

Docket Sheets, *James Peter Kyricopoulos v. Clerk of Appeals Court*, SJ-2017-0182 and Ex. 5,

Petition Pursuant to M.G.L. c. 211, § 3.  Specifically, the petitioner raised the following claims:

(1) the petitioner's appeal of his amended motion under Mass. R. Crim. P. 30(a) was blocked

deliberately and intentionally by the Commonwealth; (2) the blockage of his appeal is a direct

violation of the petitioner's "5th, 6th and 14th Amendments of the United States and

Massachusetts Constitutions, Due Process"; (3) the blockage of appeal is also a direct and

intentional deprivation of equal protection of the law, "again 5th and 14th violations of the

petitioner's United States and Massachusetts Constitutions"; (4) the Commonwealth has

deliberately and intentionally refused to produce the pre-trial and trial transcripts; (5) the

Commonwealth deprived the petitioner of equal protection of the law by refusing to produce said

pre-trial transcripts; and (6) the bias and prejudice exhibited by the Appeals Court and the Single

Justice of the SJC by refusing to docket separately the petitioner's appeal of his amended motion

under Mass. R. Crim. P. 30(a) and to allow the petitioner to adjudicate forthwith, keeping the

petitioner in state prison.  See Ex. 5, Petition Pursuant to M.G.L. c. 211, § 3 at p.3-4.  On May 9,

2017, a CD of the transcript was entered on the docket of *Commonwealth v. Kyricopoulos*,

1377CR00547.  *See* Respondent's Ex. 1, Docket Sheets, *Commonwealth v. Kyricopoulos*,

1377CR00547.  On June 12, 2017, the petition was denied as moot.  *See* Respondent's Ex. 4,

Docket Sheets, *James Peter Kyricopoulos v. Clerk of Appeals Court*, SJ-2017-0182.

### B. Federal Habeas Corpus Proceedings.

#### 1. First Habeas Petition.

On June 23, 2015, the petitioner filed a petition for writ of habeas corpus. *See* Respondent's Ex. 6, *Kyricopoulos v. Mitchell*, U.S.D.C. 15-12789, Docket at 1. On August 5, 2015, the respondent filed a motion to dismiss the petition for lack of exhaustion, along with a memorandum of law in support thereof. *Id.* at 12 and 13. On August 19, 2015, the petitioner filed an opposition to the motion to dismiss. *Id*. at 14. On February 9, 2016, this Court (U.S.M.J. Boal) issued a report and recommendation that the respondent's motion to dismiss be granted and Kyricopoulos' petition be dismissed without prejudice. *Id.* at 39. The petitioner filed objections to the report and recommendation. *Id.* at 46. On March 30, 2016, this Court (Talwani, D.J.) issued an order allowing the respondent's motion to dismiss. *Id*. at 58. On March 31, 2016, this Court (Talwani, D.J.) entered an order dismissing the case. *See* Respondent's Ex. 6, *Kyricopoulos v. Mitchell*, U.S.D.C. 15-12789, Docket at 60. The petitioner filed a motion for reconsideration that was denied. *Id*. at 63 and 65. On April 12, 2016, this Court (Talwani, D.J.) denied a certificate of appealability ("COA") and the petitioner appealed. *Id.* at 67 and 69. On July 22, 2016, judgment against the petitioner entered in his appeal to the United States Court of Appeals for the First Circuit, and the appeal was terminated on August 15, 2016. *Id.* at 78 and 79.

#### 2. Second Habeas Petition.

On November 30, 2016, the petitioner filed a second petition for writ of habeas corpus raising the following claims: (1) he was arrested without probable cause; (2) he was denied a fair trial; and (3) because of delay by the trial court, and state appellate courts, the petitioner has been

denied due process for appealing his petition for release from unlawful restraint.  *See*

Respondent's Ex. 7, *Kyricopoulos v. Murphy,* U.S.D.C. Docket No. 16-12431-IT at 1, Petition at

¶ 12.  On December 21, 2016, the respondent filed a motion to dismiss and a memorandum of

law in support thereof.  *Id*. at 7 and 8.  On March 29, 2017, this Court (Talwani, D.J.) issued

orders allowing the respondent's motion to dismiss for lack of exhaustion and dismissing the

case.  *Id.* at 32 and 33.  The petitioner appealed to the United States Court of Appeals for the

First Circuit, and on August 3, 2017, the First Circuit denied the petitioner's application for a

certificate of appealability and terminated the appeal.  *Id* at 51.

### 3.   Third Habeas Petition.

On September 18, 2017, the petitioner filed the instant petition for a writ of habeas

corpus raising the following claims: (1) he was arrested without probable cause; (2) he was

denied a fair trial; (3) he was denied due process; (4) he was denied equal protection; (5) he was

denied due process in obtaining pre-trial and trial transcripts; and (6) he was denied equal

protection of state-court Administrative Order No. 09-2, with respect to obtaining transcripts

within the time standards of said administrative order. *See* Docket at 1, Petition at p. 4.  The

respondent now files this memorandum of law in support of his motion to dismiss the petition.

### ARGUMENT

### I.   The Habeas Corpus Petition Should Be Dismissed Where the Petitioner Has Failed to Exhaust His State Remedies with Respect to Claims One and Two.

The "heavy burden" of demonstrating exhaustion is upon the petitioner in a habeas case.

*Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011).  To carry that burden, he must

show that he fairly and properly presented the substance of his federal claims to the state's

highest court, here the SJC.  *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (petitioner must

present his claim "in each appropriate state court"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-

48 (1999) (to exhaust a claim, a petitioner must present the substance of the claim to the state's

highest tribunal "fairly" and "*properly*" (emphasis in original)).  Congress codified the

exhaustion doctrine in 28 U.S.C. § 2254(b), which generally precludes federal court review

unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C.

§ 2254(b)(1)(A) (providing exceptions not applicable here).  This longstanding exhaustion

principle, in addition to ensuring that state courts have the first opportunity to correct their own

constitutional errors made in their proceedings, enables federal courts to accord appropriate

respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between

our federal and state systems of justice."  *Rose v. Lundy*, 455 U.S. at 518.  *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513

U.S. 1129 (1995).  A claim cannot be exhausted if it is not presented directly to the state's

highest court.  *Baldwin v. Reese*, 541 U.S. at 32.  And a petitioner cannot continue to litigate a

petition containing *any* unexhausted claims.  <u>*See, e.g.*</u>, *Rose v. Lundy*, 455 U.S. at 510, 518-20.

To satisfy the exhaustion requirement, the petitioner must show that he "fairly presented

the substance of his federal habeas claims to the state court before seeking federal review."

*Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citations omitted); *Martens v. Shannon*,

836 F.2d 715, 717 (1st Cir. 1988), *citing Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*).

"It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke

the federal habeas power must fairly present – or do his best to present – the issue to the state's

highest tribunal."  *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 820 (1st Cir. 1988) (citations

omitted).  The Supreme Court enunciated that "state prisoners must give the state courts one full

opportunity to resolve any constitutional issue by invoking one complete round of the State's

established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. at 845.  "Comity, in

these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *Id.*

As explained above, the petitioner's consolidated appeal in the Massachusetts Appeals Court was dismissed for lack of prosecution. *See* Respondent Ex. 2, Docket Sheets, *Commonwealth v. James R. Kyricopoulos*, 2016-P-0967. Thus, claims one and two of the instant petition are not exhausted. *See* Respondent Ex. 2, Docket Sheets, *Commonwealth v. James R. Kyricopoulos*, 2016-P-0967.

The petitioner mistakenly relies on his request for relief pursuant to M.G.L. c. 211, § 3 as a mechanism for exhaustion. *See* Docket at 1, Petition at ¶ 13; *see also* Respondent's Ex. 5, Petition Pursuant to M.G.L. c. 211, § 3. The petitioner's M.G.L. c. 211, § 3 petition sought an expedited ruling for the production of a transcript, and did not raise claims relative to the lack of probable cause or the denial of a fair trial due to the change in venue with a new trial judge. *See* Respondent's Ex. 4, Docket Sheets, *James Peter Kyricopoulos v. Clerk of Appeals Court*, SJ-2017-0182, and Ex. 5, Petition Pursuant to M.G.L. c. 211, § 3. Moreover, the petition was denied as moot because the transcript was provided in the Essex Superior Court. *See* Respondent's Ex. 1, Docket Sheets, *Commonwealth v. Kyricopoulos*, 1377CR00547 and Respondent's Ex. 4, Docket Sheets, *James Peter Kyricopoulos v. Clerk of Appeals Court*, SJ-2017-0182.

Because the petitioner has not yet raised the claims related to his lack of probable cause and denial of his right to a fair trial due to change in venue with a new trial judge to the SJC, he did not afford that court the opportunity to confront -- let alone correct -- his claimed errors. The petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such,

the petition should be dismissed as unexhausted.  *See Rose v. Lundy*, 455 U.S. at 518-519.  If this

Court determines that these claims are not exhausted, under 28 U.S.C. § 2254(b)(2), it may only

reach the merits to deny the writ.  *See Adelson v. DiPaola*, 131 F.3d at 264.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus should be

dismissed.

Respectfully submitted,

MAURA HEALEY

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2824
BBO # 635431

Dated:   October 31, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on October 31,
2017.

/s/ Eva M. Badway
Eva M. Badway