CHRONOLOGY OF POST-CONVICTION.
PETITIONS ATTACKING
STATE CONVICTION

The following cronology submitted by the petitioner includes
three(3) habeas corpus petitions,  § 2254 petitions and three (3)
Writ of Mamdamus, impossible, all attacking the same state convi-
ction imposed upon the petitioner on October 27, 2014, now 38
months and counting, not convicted, but KIDNAPPED.

1. The petitioner had filed a Writ of Mandamus to the
   First Circuit, reason: the District Court was just
   sitting on his habeas corpus no. 15-12789-IT since
   June of 2015, no evidentiary hearing, nothing, the
   First Circuit issued  their Judgment, please review,
   located within Exhibit A, no. 16-1071, dated February
   3, 2016, please read, petitioner was laughing, reason:
   Magistrate Boal issued her Report and Recomendation dated
   February 9, 2016, reason, "did not exhause state remedies
   of course, Commonwealth blocked his Appeal of Crim. R.
   30A, sitting in Trial Court for some 10 months, District
   Judge confirmed and accepted report and recommendation,
   dated March 31, 2016, WOW, what a surprise.

2. Petitioner went back to Appeals Court to Order Trial Co-
   urt to Order Appeal to be forwarded to Appeals Court for

immediate adjudication, Appeals Court refused to
docket Appeal, WHAT, must be kidding.
Petition the Supreme Judicial Court to intervene,
Denied, dated Sept. 6, 2016.

3.      Petitioner then refiled habeas corpus, dockerted  on
December 1, 2016, no. 16-12431-IT, same federal ju-
dge, afterv waiting almost 5 months, nothing
happen, petitioner filed another Writ of Mandamus
to the First Circuit, denied on March 31, 2017,
no. 17-1291, kindly review, located within EXhibit A

LOW and BEHOLD, District Judge dismissed habeas
corpus, dated March 29, 2017, WOW, what timing.

4.      Petitioner went to Supreme JUdicial Court with a
"smoker"  of a Writ of Mandamus, showing 18 U.S.
and Mass. Constitutional depribvations, WOW, 18,
kindly see document titled  total constitutional
deprivations," no. SJ-2017-0182, writ in SJC,
docket no. , denied on JUne 12, 2017 where Attorney
General and SJC Justice Elspeth Cypher colluded to
falsify docket entries and committ perjury, WOW.

5.      Petitioner filed Writ of Mandamus showing said
criminal misconduct with alsoApplication for
Certificate of Appealability, both denied on

August 3, 2017, they denied both Application for
Certificate of Appealability and Writ of Mandamus,
kindly review ExhibitB.

Petitioner filed Motion for Clarification dated August
22, 2017, directing said Motion for Writ of Mandamus,
kindly take judicial notice of case law, especially
Auerhahn v. United States, 1st circuit, re: misconduct by
attorneys, the federal judge obligation and required by
their Canons, 3 (b), said Motion for Clarification is
located within ExhibitB.  The first circuit denied said
Motion for Clarification in Judgment dated September 19,
2017, kindly see in Exhibit B. Please take judicial
notice that Writ of Mandamus is Appeal, that is a first,
but petitioner you are pro-se, take your case law and
wipe your ass with it, you think we are going to bring
down Attorney Genera;l and SJC Justice, both lesbians,
by a pro-se litigant.

6.    The petitioner the next day received  correspondence from
one, Anastasia Dubrovsky, from the Office of the Circuit
Executive dated Sept. 20, 2017, saying that Judicial
Council issued Order prohibiting petitioner from filing
complaints against federal judges, date of said Order
January 31, 2002, petition what did you say, January 31,
2002, WOW, petitioner 2002, and please see what she says,

letter to Ms. Carter wasbeing inferred to be complaint
against Judge Talwani and Magistrate Boal, NICE TRY,
please review Judicial Council's Order, two (2) federal
judges are listed, Torruella and Lynch, sound familiar,
was a cover-up for their misconduct by not notifying Bar
of serious unprofessional misconduct by lawyers, WOW,
petitioner these two (2) judges are sick, morale bankrupct
 does no justice, outright cowards, and keep the petitioner
in prison, WOWhow sick does it get.

7. Petitioner immediately forwarded correspondence to Ms. Dubrov-
sky for clarification, kindly see copies of Ms. Dubrovsky's
correspondence and Judicial Council Order  and Petitioner
correspondence within Exhibit C.  Petitioner has waited 2 mon-
ths, nothing from Ms. Dubrovsky, he issued second corresponde-
nce dated November 30,  2017, see exhibit C.

To you both Chief Justices, you think if the petitioner was on
the street, he would have received that Order, how gutless and
cowardly does it get, to Torruella and Lynch, do your children
know what COWARDS you are.  Like the petitioner girlfriend said,
she graduated from Suffolk, top 5% of her class, pre-med, how
gutless are these people, and do not forget, we had nothing
but respect for the federal court.
As Chief Justice Saris knows, the petitioner has filed new

nhabeas corpus, no. 17-11778-FDS , how is it doing, nothing,
tried to obtain updated docket entries, futile, the Bias and
Prejudice against the petitioner is outright UNAMERICAN, sick
garbage, 68 years of age, challenging the petitioner's manli-
hood, 38 months of false imprisonment, sad for the petitioner's
93 year old mother and his girlfriend, these absolute cowards,
how can this go on in a federal court in this country,  liberal-
ism at its best.


HAVE A NICE DAY, HOPE YOU ALL HAD A WONDERFUL THANKSGIVING.



                              Respectfully submitted,

                              James Peter Kyricopoulos,
                               petitioner, pro-se
                              presently incarcerated at:
                              Old Colony Correctional
                              Center-Minimum Security
                              One Administration Road
                              Bridgewater, Mass. 02324


Dated:   December 4, 2017

**EXHIBIT    A**

# United States Court of Appeals
## For the First Circuit

No. 16-1071

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Howard, <u>Chief Judge</u>
Kayatta and Barron, <u>Circuit Judge</u>.

## JUDGMENT

Entered: February 3, 2016

Petitioner's mandamus petition complains about delay on the part of a magistrate-judge in failing to adjudicate a § 2254 petition that was docketed on June 23, 2015. Petitioner asks this court to issue a writ of mandamus "immediately demanding that Magistrate Boal issue her 'Report and Recommendation.'" The petition for writ of mandamus is denied. Complaints about delay on the part of a magistrate-judge should be addressed in the first instance to the district court judge who referred the matter to the magistrate-judge.

<u>Denied.</u>

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

cc:   James P. Kyricopoulos
      Annette C. Benedetto

# United States Court of Appeals
## For the First Circuit

No. 17-1291

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before,

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

## JUDGMENT

Entered:  March 31, 2017

Petitioner James Peter Kyricopoulos has filed a petition for writ of mandamus, asking this court to intervene in a 28 U.S.C. § 2254 proceeding currently pending before the district court (1:16-cv-12431-IT).  Having carefully reviewed petitioner's filings and relevant portions of the record, we conclude that the extraordinary remedy of mandamus is not in order.  See generally In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 (1st Cir. 2000) (general mandamus principles).  The petition for writ of mandamus is **DENIED**, and any remaining pending motions are **DENIED** as moot.  See Local Rule 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway

No. SJ-2017-0182

## TOTAL CONSTITUTIONAL DEPRIVATIONS

1. Petitioner was arrested without "probable cause," within his Petition of Unlawful Restraint:

   U.S. and Mass. Constitutioins: 4th, 5th, 6th and 14th amendments;

2. Petitioner DEnied Fair Trial: 5th, 6th and 14th amendments to U.S. and Mass. Constitutions;

3. Deied Due Process; 5th and 14th amendments of U.S. and Mass. Constitutiins;

4. Denied Equal Protection of Law, being able to Appeal Petition of Unlawful Restraint, Crim. R. 30A;,

   5th and 14th amendments of U.S. and Mass. Constitutions;

   throw in 6th amendment also of both constitutions, fair trial.

5. Denied Due Process in obtaining pre-trial and trial transcripts;

   5th, 6th, and 14th amendments of both constitutions;

6. Denied Eqwual Protection of Administrative Order, no. 09-2, obtainingtranscripts within time stansdards of said Administrative Order, No. 09-2:

   5th, 6th and 14th amendments of both constitutions.

This ENOUGH, only in the Commonwealth, 32 months of false

imprisonment, petitioner counts "ONLY" 18 violations of the

United States and Massachusetts Constyitutions.

WOW, repeat, WOW, please put out a "all out points bulletin,"

(APB), where is the Attorney General, top cop, what a JOKE.

**EXHIBIT    B**

# United States Court of Appeals
## For the First Circuit

No. 17-1374

JAMES PETER KYRICOPOULOS,

Petitioner, Appellant,

v.

JOSEPH MURPHY,

Respondent, Appellee.

No. 17-1651

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Torruella, Lynch and Barron,
Circuit Judges.

## JUDGMENT

Entered: August 3, 2017

Petitioner James Peter Kyricopoulos has filed an application for certificate of appealability ("COA") (17-1374), stemming from the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of exhaustion, and a related petition for writ of mandamus (17-1651). Neither debatable nor wrong was the district court's conclusion that, at the time of its ruling in the § 2254 proceeding, Kyricopoulos had not exhausted his state remedies. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (COA standard); see also 28 U.S.C. § 2254(b)(1)(A) (requiring § 2254 petitioner to "exhaust[] the remedies available in the courts of the State"); Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010) (noting that exhaustion in Massachusetts requires presentation of a claim "fairly and recognizably to the SJC"). Accordingly, the application for COA is **DENIED**, and appeal 17-1374 is terminated.

As for the mandamus petition, having carefully reviewed Kyricopoulos' filings, we conclude that the extraordinary remedy of mandamus is not in order. See generally In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 (1st Cir. 2000) (general mandamus principles). The petition for writ of mandamus is **DENIED**. See Local Rule 27.0(c).

In light of the foregoing, Kyricopoulos' motion to consolidate the proceedings and his motion to proceed in forma pauperis in the mandamus proceeding are **DENIED** as moot. Also **DENIED** as moot are Kyricopoulos' various motions to amend his mandamus petition and to file addenda, as the content of the proposed amendments and/or addenda would not alter the outcome of the mandamus proceeding. Any other pending motions are denied as moot.

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway
Maura Doyle

(1)

UNITED STATES  COURT OF APPEALS
FOR THE FIRST CIRCUIT

NO. 17-1651

IN RE:  JAMES PETER KYRICOPOULOS,
petitioner

JAMES PETER KYRICOPOULOS,
petitioner

v.

ERIN GAFFNEY,
respondent

PETITIONER, JAMES PETER KYRICOPOULOS'
MOTION FOR CLARIFICATION.

NOW COMES the petitioner, James Peter Kyricopoulos, pro-se
and submits this Motion for Clarification, for this Court to
Clarify its Order of Denying the Petitioner's Writ of Mandamus,
said Denial dated August 3, 2017, see attached copy of, the same
day this Court Denied the petitioiner's  application for Certi-
ficate of Appealability, nos. 17-1651 and 17-1374 respectively.

(2)


As reasons for, reviewing this Court's Denial of the Writ
of Mandamus, it states, page 2, that the extraordinary remedy of
mandamus is not in order, WOW.  This statement ".shocked"  the
petitioner, WHY, what the petitioner submitted within his petiti-
on was criminal conduct by Ms. Badway of the Attorney General's
Office and Supreme Judicial Court Justice Elspeth Cypher, who
".colluded"  to commit perjury to Deny the petitioner's Writ of
Mandamus in the Supreme Judicial Court, said denial dated June 12
2017. WHAT! Ms. Badway falsified the Court docket entries, dele-
ting docket entry no. 86, which showed that the petitioner had
ordered the trial transcripts on October 28, 2014, and over 32
months klater, no trial transcripts, violating SJC, Chief Justice

Standing Order 09-2, where they are required to be ready within
6 months. As controlling cases, the petitioner cited "Wheel  v.
Robinson, 2nd Circuit," and United States v. Therrien, 1st cir.
2017, where thegovernment engages in the most egregious miscon-
duct, compelling the Court to dismiss the criminal charges, WHAT!
petitioner understands when you  are pro-se, sorry.

    The petitioner now cites "Auerhahn v. United States, 2009
U.S. District Court for the District of Massachusetts, where the
Court said the following, QUOTE: "A Judge has an ethical obli-
gation to "intiate" appropriate action when the Judge(s) becomes
aware of reliable evidence indicating the likelihood of unpro-

(3)

fessional conduct by a lawyer,  Canon 3 (b)(3) of Code for

U.S. JUDGES, 2003."

The District Court also said in  "In Re:  auerhahn, 2011, that

D. Mass. R. 83.6 which governs disciplinary enforcement and

Allows the U.S. District Court for the District of Massachusetts

to impose sanctions including suspension and disbarrment,"

"WOW"

What the petitioner submitted was so obvious, that a 8th grade

student would have discovered the falsifying the docket entries,

so that MS. Badway and the SJC Justice Cypher could committ

"PERJURY,"

WHAT THE PETITIONER IS SAYING THAT HE SITS IN STATE PRISON
TODSAY BECAUSE OF THIS MOST EGREGIOUS, OUTRAGEOUS, AND BLA-
TANT MISCONDUCT BY TWO STATE AGENTS, ONE A  MEMBER OF THE
ATTORNEY GENERAL'S OFFICE, REPRESENTING MAURA HEALEY,
ATTORNEY GENERAL, AND SJC JUSTICE CYPHER, A JUDGE OF THE
STATE'S HIGHEST COURT, BUT OF COURSE HOW COULD THE ATTORNEY
GENERAL PERSUAGE A JUDGE OF THE SUPREME JUDICIAL COURT TO
COMMITT PERJURY, KEEPING A INNOCENT PERSON IN STATE PRISON,
HOW ABOUT THIS COMPELLING FACT, THEY ARE BOTH LESBIANS, WHICH
MAKES THE PETITIONER A VICTIM OF A HATE CRIME, GENDER IDENTIT
Yes, JUDGE CYPHER WORKED WITH MS. HEALEY'S WIFE ON THE
APPEALS COURT LAST YEAR, WOW, WHAT A COINCIDENCE.

(4)

The petitioner moves this Court to Clarify its Denial of

the Writ of Mandamus, sayingthat mandamus was not in order,

when this Court said in Therrien that the most egregious

misconduct that would shock the common sense of justice

compels this Court to Dismiss the criminal charges, which is

what the petitioner seeked in his Writ of Mandamus,  with

all due respect, the petitioner requests the following

points of Clarification:

1.   Did the petitioner submit overwhelming evidence of

     egregious misconduct by a lawyer/ and judge;

2.   is the petitioner a possible victim of a hate crime,

     where his civil rights are being prolonged, suffering

     false imprisonment;

3.   the evidence submitted by the petitioner of falsifying

     court documents meet the legal standard that this  Court

     said cin "Therrien"   must be met for dismissal of

     criminal charges to be warranted.

                              Respectfully submitted,

                              James Peter Kyricopoulos
                              petitioner, pro-se
                              Old Colony Correctional
                              Center-Minimum Security
                              One administration Road
                              Bridgewater, Mass. 02324

Dated:  August 22, 2017

# United States Court of Appeals
## For the First Circuit

No. 17-1374

JAMES PETER KYRICOPOULOS,

Petitioner, Appellant,

v.

JOSEPH MURPHY,

Respondent, Appellee.

No. 17-1651

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Torruella, Lynch and Barron,
Circuit Judges.

### ORDER OF COURT

Entered: September 19, 2017

Petitioner James Peter Kyricopoulos has filed a "motion for clarification" in appeals 17-1374 and 17-1651. With regard to appeal 17-1374, we construe the motion as a motion to recall mandate, and the motion is **DENIED**. With regard to appeal 17-1651, we construe the motion as a second petition for panel rehearing, and the petition is **DENIED**.

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway
Maura Doyle

**EXHIBIT   C**

Dated:  Sept. 26, 2017


VIA FIRST CLASS MAIL.


ATTN:  ANASTASIA DUBROVSKY
SUPERVISORY ATTORNEY
UNITED STATES COURTS FOR
THE FIRST CIRCUIT
OFFICE OF ?THE CIRCUIT EXECUTIVE
JOHN JOSEPH MOAKLEY UNITED STATES
COURTHOUSE
1 COURTHOUSE WAY,  SUITE 3700
BOSTON, MASSACHUSETTS  02210


In Re:  Correspondence dated Sept. 20, 2017


Dear Ms. Anastasia;

      Forgive my indulgence, I am forwarding this to your attention
re: your correspondence that you forwarded to me, please see enc?
losed are true copies of what you forwarded to me:

            1.   Your cover letter dated Sept. 20, 2017;

            2.   Copy of a Complaint, no. 308 re: an Order
                 from the Judicial Council for the First
                 Circuit dated January 31, 2002;  WOW;

            3.   Copy of my correspondence to Margaret Carter
                 dated Sept. 4, 2017, pages 1-4.

First, the Order from the JudicialCouncil  you state that no
judicial misconduct complaints will be accepted from me, REALLY.

In light that I have never seen that Order, and the timing is
laughable, in light that the Order is 15 years old, WOW, you went
deep tp go into the archives

Second, it appears that my correspondence to Ms. Carter is being
treated as a judicial complaint which of course it is not, but ag
ain very interesting.

Thirdly, in March of last year, within habeas corpus no.
16-12431-IT, I requested that your office forward me a complaint
form for judicial misconduct and disability, Order was issued
by U.S.D.J. Talwani, see copy of docket entry nos. 51-52
where clear inference can be drawn.  What is very interesting, I
never heard from your office re: this Order from the Judicial
Council, again quite a revelation.

Of course I know what this is all about, jusdt receiving an
Order from the First Circuit Court of Appeals re: egregious
misconduct by government officials, as the United States
District Court and First Circuit know that I am in prison
only because of state government misconduct.

See "United States  v. Therrien,  2017, First circuit,"

See "Wheel  v. Robinson, second circuit, 1993,"

See Averhahn  v.  United States, first circuit, 2009.

What are those cases about, the First Circuit knows, and
I am being detained  falsely, and this First Circuit could
care less.

So I request that you kindly respond to the fpllowing:

   A.  Who directed you to forward the Judicial Counsil
       Order to me;

   B.  In light that my name does not appear within any part
       of that Order, forward evidence to me that said
       Complaint has anything to do with me;

Amazing revelation!!!!

                                   Sincerely,

                                   James Peter Kyricopoulkos,
                                    W-105398
                                   presently incarcerated at:
                                   OLd Colony Correctional Center
                                   Minimum Security
JPK                                One Administration Road
enclosures                         Bridgewater, Mass. 02324
cc:  Charles Grassey
     F.B.I., Boston Office



**UNITED STATES COURTS FOR THE FIRST CIRCUIT**
**OFFICE OF THE CIRCUIT EXECUTIVE**
**JOHN JOSEPH MOAKLEY UNITED STATES COURTHOUSE**
**1 COURTHOUSE WAY · SUITE 3700**
**BOSTON, MA 02210**

SUSAN J. GOLDBERG
CIRCUIT EXECUTIVE
617-748-9614

FLORENCE PAGANO
DEPUTY CIRCUIT EXECUTIVE
617-748-9376

September 20, 2017

James Peter Kyricopoulos
Old Colony Correctional Center
Minimum Security
One Administration Road
Bridgewater, MA  02324

Re:   Correspondence

Dear Mr. Kyricopoulos,

The enclosed correspondence, dated September 4, 2017, has been referred to my attention.  The letter appears to lodge allegations of judicial misconduct against Judge Talwani and Magistrate Boal, both of the United States District Court for the District of Massachusetts. Pursuant to the Order issued by the Judicial Council of the First Circuit on January 31, 2002 (copy enclosed), "no new complaints of judicial misconduct shall be accepted" from you. Accordingly, the correspondence will not be accepted for filing as a judicial misconduct complaint.

Sincerely,

Anastasia Dubrovsky
Supervisory Attorney

enclosure

JUDICIAL COUNCIL
FOR THE FIRST CIRCUIT

---

IN RE
COMPLAINT NO. 308

---

BEFORE

Torruella, Stahl, Lynch, Lipez, <u>Circuit Judges</u>
Lagueux, Woodlock, DiClerico, Dominguez, Singal, <u>District Judges</u>

---

ORDER

ENTERED: JANUARY 31, 2002

---

Petitioner, a pro se litigant, has filed a petition for review of Chief Judge Boudin's

dismissal of his complaint of misconduct under 28 U.S.C. § 372(c) against an appellate judge

and a district judge in the First Circuit. The petitioner has also filed a written opposition seeking

to show cause why his ability to file further complaints should not be limited in response to a

Show Cause Order, issued by Chief Judge Boudin in the same matter on October 5, 2001.

The petitioner originally alleged that the appellate and district judges engaged in conduct

prejudicial to the effective and expeditious administration of the business of the courts in

connection with a previous complaint that the petitioner submitted against four clerks -- two of

the court of appeals and two of the district court.[1] The petitioner essentially alleged that the

judges improperly dismissed and mishandled the complaint against the clerks. The petitioner

asserted that the judges could not impartially consider the complaint against the clerks because,

---

[1] The complaint also included allegations of wrongdoing by the then Circuit Executive and one of his assistants. By letter, dated October 5, 2001, Chief Judge Boudin dismissed the allegations of misconduct by these two officials.

as members of the First Circuit Judicial Council, they had reviewed another of petitioner's judicial misconduct complaints (No. 282) that related to the complaint against the clerks.

Chief Judge Boudin dismissed the complaint. The Chief Judge determined that both judges thoroughly investigated the petitioner's allegations of clerical impropriety, drew reasonable conclusions and properly notified the petitioner of the results of their investigations. As the petitioner failed to substantiate the allegation that the judges' review of the petitioner's prior judicial misconduct complaint in any way prejudiced their evaluation of the complaint against the clerks, Chief Judge Boudin dismissed the complaint as without sufficient basis to warrant further investigation.  See 28 U.S.C. § 372(c)(3)(A)(iii).

Because the petitioner had filed misconduct complaints against three or more individual judges that had been found to be clearly without merit (No. 253, No. 282, and No. 308), the Chief Judge also issued a Show Cause Order, dated October 5, 2001, directing the petitioner to show cause why the Judicial Council should not enter an order precluding the petitioner from filing any further judicial misconduct complaints.[2]

In the petition for review, the petitioner states that his complaint and the Chief Judge's order are from "two different worlds." The petitioner states that the Chief Judge "glosses over" the original allegations – that at the "root" of the complaint was the claim that the accused judges conspired with the previous Circuit Executive and one of his assistants to disseminate to the petitioner an outdated version of the Rules of the Judicial Council of the First Circuit Governing

---

[2]The complainant filed Complaint No. 253 against a district judge on December 9, 1997 alleging delay and impropriety in connection with a civil case over which the judge presided. On February 17, 1998, then Chief Judge Torruella dismissed Complaint No. 253 pursuant to 28 U.S.C. §§ 372(c)(3)(A)(ii), 372(c)(3)(A)(iii).  On June 8, 1998, the Judicial Council affirmed the order of dismissal.  The complainant filed Complaint No. 282 on December 3, 1999 against three district judges and one appellate judge. Complaint No. 282 alleged misconduct in connection with multiple criminal and civil proceedings before the court. On March 29, 2000, Judge Selya dismissed Complaint No. 282 pursuant to 28 U.S.C. §§ 372(c)(3)(A)(ii), 372(c)(3)(A)(iii).  On September 8, 2000, the Judicial Council affirmed the order of dismissal.

Complaints of Judicial Misconduct or Disability (Rules of Judicial Misconduct). The petitioner secondarily alleges that, when they dismissed the complaint against the four clerks, the judges were "not aware that the [petitioner] was in possession of the new rules."

In opposition to the Show Cause Order, the petitioner submits a copy of a letter from an Assistant United States Attorney to the petitioner, dated January 2, 2001, stating that the petitioner's "complaint" is not within the jurisdiction of the U.S. Department of Justice. The petitioner seemingly argues that, because this letter does not indicate that the judicial misconduct complaint to which it purportedly refers lacks an evidentiary basis, the unidentified complaint was erroneously dismissed. The petitioner further states that, in response to Complaint No. 282, both the Chief Judge and Judicial Council wrongfully neglected to inform the petitioner of his right to bring criminal charges to the appropriate authorities. Utilizing vulgar, inappropriate language, the petitioner concludes that he will forward his criminal complaint to the United States Attorney.

The petition for review is without merit. The petitioner's assertion that the complaint actually alleged that the judges conspired with representatives of the Circuit Executive's Office is baseless. A review of the record indicates that Chief Judge Boudin clearly responded to the allegations contained in the original complaint. Further, by letter, dated October 5, 2001, Chief Judge Boudin notified the petitioner that the allegations of misconduct by these officials were unfounded. Any remaining claim that the judges wrongfully conspired with these officials is presented without a shred of factual substantiation. The petitioner's related assertion that, when they dismissed the complaint against the four clerks, the judges were unaware that the petitioner

-3-

had retained the new Rules of Judicial Misconduct is irrelevant to any allegation of judicial misconduct. Accordingly, the complaint was properly dismissed. See 28 U.S.C. § 372(c)(3)(A)(iii).

The petitioner's opposition to the Show Cause Order is equally vacuous. Aside from the petitioner's inappropriate language, the statement that an unidentified complaint is outside the purview of the jurisdiction of the U.S. Department of Justice has no bearing on the merits of the complaint. Further, orders of dismissal need only inform a complainant of the right to bring "non-frivolous allegations of criminal conduct by a judge" to the appropriate authorities when they are dismissed "solely for lack of jurisdiction under 28 U.S.C. § 372(c)." Rules of Judicial Misconduct, Rule 4(i). Each of the petitioner's multiple misconduct complaints (No. 253, No. 282, and No. 308) contained only frivolous allegations; none were dismissed for lack of jurisdiction under the misconduct statute. As the petitioner has filed exclusively repetitive, baseless complaints of judicial misconduct against numerous judges and fails to provide any meaningful reason why he should not be precluded from continuing to submit such claims, the petitioner is restricted from filing any further complaints of judicial misconduct. See Rules of Judicial Misconduct, Rule 1(f).

For the reasons stated herein, the order of dismissal is affirmed. It is further ordered that, until otherwise directed by the Judicial Council, no new complaints of judicial misconduct shall be accepted by the petitioner.

_____

Gary H. Wente, Secretary

-4-

| | | seeks to add exhibits to Petitioner's opposition to Respondent's motion to dismiss. (York, Steve) (Entered: 02/09/2016) |
|---|---|---|
| 02/09/2016 | 41 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 29 Petitioner's Motion for Reconsideration. (York, Steve) (Entered: 02/09/2016) |
| 02/09/2016 | 42 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER DENYING 31 Motion to Compel. (York, Steve) (Entered: 02/09/2016) |
| 02/09/2016 | 43 | Magistrate Judge Jennifer C. Boal: ORDER entered. REPORT AND RECOMMENDATION RE: 22 Petitioner's Motion for Contempt. Construing liberally Kyricopoulos' motion, this Court believes that he complains that the Respondent violated the District Court's July 8, 2015 Service Order, providing that Respondent, as part of her answer or other responsive pleading, must file "such documents which reflect on the issue as to whether the Petitioner(s) exhausted available state remedies with respect to the matters raised by the Petition." Docket No. 5. As a responsive pleading, Respondent filed a motion to dismiss for failure to exhaust state court remedies which included the docket in the trial court, showing that the Petitioner has not exhausted state remedies. **Recommendation:** Therefore, the Court recommends that the District Judge deny Petitioner's motion for contempt. Objections to R&R due by 2/23/2016 (York, Steve) (Entered: 02/09/2016) |
| 02/12/2016 | 44 | Letter (non-motion) from James Peter Kyricopoulos. (DaSilva, Carolina) (Entered: 02/16/2016) |
| 02/16/2016 | 45 | Petitioner's MOTION to Compel by James Peter Kyricopoulos. (Attachments: # 1 Exhibit, # 2 Cover Letter)(DaSilva, Carolina) (Entered: 02/16/2016) |
| 02/19/2016 | 46 | OBJECTION to 39 Report and Recommendations filed by James Peter Kyricopoulos. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Cover Letter)(DaSilva, Carolina) (Entered: 02/19/2016) |
| 03/11/2016 | 47 | Emergency MOTION to Compel by James Peter Kyricopoulos. (Attachments: # 1 Cover Letter)(DaSilva, Carolina) (Entered: 03/11/2016) |
| 03/11/2016 | 48 | AFFIDAVIT in Support re 47 Emergency MOTION to Compel. (DaSilva, Carolina) (Entered: 03/11/2016) |
| 03/14/2016 | 49 | Judge Indira Talwani: ELECTRONIC ORDER entered ALLOWING 47 Emergency Motion to Compel. The Clerk is directed to forward a copy of Magistrate Boal's electronic order of 2/2/2016 and a copy of the docket sheet. (DaSilva, Carolina) (Entered: 03/14/2016) |
| 03/14/2016 | 50 | Docket Sheet and Copy of Notice of Electronic Filing #49 Order on Motion to Compel, and #36 Order, mailed to James Peter Kyricopoulos on 3/14/2016. (DaSilva, Carolina) (Entered: 03/14/2016) |
| 03/18/2016 | 51 | Second Request (non-motion) from James Peter Kyricopoulos. (Attachments: # 1 Exhibit 1)(DaSilva, Carolina) (Entered: 03/18/2016) |
| 03/23/2016 | 52 | Judge Indira Talwani: ELECTRONIC ORDER entered re: 51 Second Request (non-motion). The clerk is directed to mail a copy of the Judicial Council of the |

Case 1:17-cv-11778-FDS  Document 29  Filed 12/08/17  Page 27 of 29
CM/ECF - USDC Massachusetts - Version 6.1 as of 03/11/2013          Page 6 of 8
Case 1:16-cv-12431-IT  Document 7-4  Filed 12/21/16  Page 6 of 8

| | | |
|---|---|---|
| | | First Circuit's form "Complaint of Judicial Misconduct or Disability" to the Petitioner. (DaSilva, Carolina) (Entered: 03/23/2016) |
| 03/23/2016 | 53 | Copy of the Notice of Electronic Filing re: 52 Order and Complaint of Judicial Misconduct or Disability form, mailed to James Peter Kyricopoulos on 3/23/2016. (DaSilva, Carolina) (Entered: 03/23/2016) |
| 03/25/2016 | 54 | MOTION to Amend Petitioner's 46 Objection to Report and Recommendations by James Peter Kyricopoulos. (Attachments: # 1 Exhibit, # 2 Cover Letter) (DaSilva, Carolina) (Entered: 03/25/2016) |
| 03/25/2016 | 55 | AFFIDAVIT in Support re: 54 MOTION to Amend Plaintiff's 46 Objection to Report and Recommendations. (DaSilva, Carolina) (Entered: 03/25/2016) |
| 03/28/2016 | 56 | Judge Indira Talwani: ELECTRONIC ORDER entered DENYING Petitioner's 45 Motion to Compel. The magistrate judge's 39 Report and Recommendation was entered on the docket on February 9, 2016. Accordingly, Petitioner's motion requesting that the court compel action by the magistrate judge is moot. (DaSilva, Carolina) (Entered: 03/28/2016) |
| 03/28/2016 | 57 | Copy of Notice of Electronic Filing re: #56 Order on Motion to Compel, mailed to James Peter Kyricopoulos on 3/28/2016. (DaSilva, Carolina) (Entered: 03/28/2016) |
| 03/30/2016 | 58 | Judge Indira Talwani: ORDER entered ALLOWING Petitioner's 54 Motion to Amend Objections; ADOPTING the 30 Report and Recommendation and the #43 Report and Recommendation; ALLOWING Respondent's 12 Motion to Dismiss; and DENYING Petitioner's 19 Motion to be Released from Custody Immediately and 22 Motion for Contempt. (DaSilva, Carolina) (Entered: 03/30/2016) |
| 03/30/2016 | 59 | Copy re: 58 Order on Report and Recommendations, Order on Motion to Amend, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion for Miscellaneous Relief, Order on Motion for Contempt, mailed to James Peter Kyricopoulos on 3/30/2016. (DaSilva, Carolina) (Entered: 03/30/2016) |
| 03/31/2016 | 60 | Judge Indira Talwani: ORDER entered. ORDER DISMISSING CASE(DaSilva, Carolina) (Entered: 03/31/2016) |
| 03/31/2016 | 61 | Copy re: 60 Order Dismissing Case mailed to James Peter Kyricopoulos on 3/31/2016. (DaSilva, Carolina) (Entered: 03/31/2016) |
| 04/08/2016 | 63 | MOTION for Reconsideration re: 58 ORDER ALLOWING Petitioner's 54 Motion to Amend Objections; ADOPTING the 30 Report and Recommendation and the #43 Report and Recommendation; ALLOWING Respondent's 12 Motion to Dismiss; and DENYING Petitioner's 19 Motion to be Released from Custody Immediately and 22 Motion for Contempt by James Peter Kyricopoulos. (Attachments: # 1 Exhibit)(DaSilva, Carolina) (Entered: 04/08/2016) |
| 04/08/2016 | 64 | AFFIDAVIT in Support re: 63 MOTION for Reconsideration re: 58 Order filed by James Peter Kyricopoulos. (Attachments: # 1 Exhibit A)(DaSilva, Carolina) (Entered: 04/08/2016) |

Dated: November 30, 2017


VIA FIRST CLASS MAIL.


ATTN:  LISA PEZZAROSSI, DEP. CLERK
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MASSACHUSETTS  02210


In Re:      Kyricopoulos  v.  Gaffney
            Civil Action no. 17-11778-FDS


Dear Ms. Pezzarossi;

        First hope all had a wonderful Thanksgiving, secondly,
a average layman would be shocked that the petitioner has not
heard from this Court re: the above-entitled habeas corpus.
Pursuant to Fed. R. 73, habeas corpus must be ruled on
promptly, OH forgive me, this one is different. falsified court
documents, sorry Mr. Kyricopoulos, due process in this habeas
corpus has been deleted from the Constitution.


        Okay, the petitioner forwarded to you a number of filings
dated November 3, 2017, kindly see copy of cover letter, reques-
ted was a copy of docket entries, as of this day, nothing, WOW.


        Does Judge Saylor IV been working, OH yes, he has, but
there is no rush to release petitioner from prison, wait a
minute, Ms. Badway says "not exhausted state remedies."WOW.


        Hope in my request a few weeks ago, that my buddies in the
First Circuit, Judges Torruella, Lynch and Barron were notified
that Ms. Badway found docket entry no. 86, WOW, believe that
they were upset in writ of mandamus no. 17-1651, OH
ezxcuse, Appeal, forgot

There was talk recently on talk radio, that our Courts are
morally bankrupct, the petitioner calls it judicial cowardice,
Judge Saylor IV understands, it is not easy to keep a innocent
68 year old man inprison falsely, great degree of courage,
the petitioner is considering recommending Judges of this Court
for the Profile in Courage award at the Kennedy Center this year,
and let us not forget, Ms. Healey and her counteparts, real
brave also, engaging in collusion and committing perjury, and
having federal judges cover their backs, how sick is this Court.

The petitioner requests a copy of updated docket entries to
make sure that you receive all his papers, just discovered
that DOC tampering with his mail, all these government agents are
really bRAVE.

Thank you for your time.

Sincerely,

James Peter Kyricopoulos,
petitioner, pro-se
presently incarcerated at:
Old Colony Correctional Center
Minimum Security
One Administration Road
Bridgewater, Mass. 02324

JPK
enclosures
cc: Eva Badway