UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JAMES PETER KYRICOPOULOS,          )
    petitioner

                      )

      v.                                   Civil Action No. 17-11778-FDS

                      )

ERIN GAFFNEY,
    respondent

                      )


## PETITIONER'S AFFIDAVIT IN SUPPORT OF PETITIONER"S MOTION OF RECUSAL

I, James Peter Kyricopoulos, state the following to be true:


1.  I, James Peter Kyricopoulos, petitioner, pro-se in this habeas corpus matter.

2.  He is 68 years of age, this his is third (3rd) habeas corpus attacking state conviction that was imposed upon him on October 27, 2014.

3.  The first habeas corpus was docketed on JUNE 23, 2015, the petitioner despite showing the district court that his Appeal of his Amended Rule 30A, petition of unlawful restraint was beingblocked by the Commonwealth, district court refused to hold a hearing, as so directed by the U.S. Supreme

Court, see **Barker v. Wingo,"** after waiting some 7 months, the petitioner filed Writ of Mandamus ti First Circuit. The aforementioned habeas corpus was docketed as no. 15-12789-IT, said Writ was Deniedon February 3, 2016, no. 16-1071 kindly see enclosed copy located within exhibit A, please review, do you think there was a bias, the Magistrate issued her **"report and recommendation"** a few days later, to do what, dismiss fornot exhausting state remedies, of course, and district judge accepted said report a few weeks later, WOW

4. Petitioner went back to state court attempted to get Appeal docketed for adjudication, was blocked by Appeals Court and Supreme Court, no. **"SJ-2016-0342, dated September 6, 2016,"** petitioner came back to this court, second habeas corpus, filed on or about November 25, 2016, no. 16-12431-IT, same federal judge, the **Very Honorable Indirea Talwani**, what happened, nothin, waited 5 months, filed another writ of mandamus, no. 17-1291, denied on March 31, :2017, sdee copy of again located within **exhibit A**, kindly review.

5. Said habeas corpus was denied same day, WOW, did not exhaust state remedies, did not go to Supreme Court, HELLO, see above paragraph, no. 4, what is SJ-2016-0342, dated Sept. 6, 2016, WOW, Judge committed perjury, WOW, how is the BIAS/ Prejudice building against the petitioner.

6.  Petitioner went back to Supreme Court of Massachusetts,
    and filed the most **"loaded"**  Writ of Mandamus, kindly see
    located within **Exhibit B,** document titled  no. **SJ-2017-**
    **0182, total constitutional deprivations, count them 18,**
    **WOW, 18 united states and massachusetts constitutional depri**
    **vations, WOW, kindly review, the most compelling, the**
    **Commonwealth despite the petitioner ordering the trial tran-**
    **scripts on October 27, 2014, pursuant to Standing Order 09-2**
    **they must be ready in 6 months, WOW, on docket entries, no.**
    **86 shows that filing, WOW, still waiting for teansdcripts,WOW.**

7.  Commonwealth, same Eva Badway, working for that piece of
    garbage, Maura Healey filed her Opposition dated June 5,
    2017, where she submitted docket entries printed out on
    May 30, 2017, no docket entry no. 86, **WOW,** but the docket
    entries the same **Ms. Badway submitted within habeas corpus**
    **no. 16-12431-IT, shows  docket entry no. 86, what is going**
    **on, and the petitioner submitted those docket entries for**
    **habeas corpus no. 16-12431-IT as part of his Appendix, WOW,**
    **petitioner immediately filed REPLY, dated June 8, 2017,**
    **attaching copies of dockret entries dated DEcember 14, 2016**
    **and May 30, 2017, please review, again EXhibit B, WOW,**
    **Justice Cypher denied writ, WOW, they engaged in collusion,**
    **to committ perjury, petitioner do you have  "authority"  re:**
    **this criminal conduct, of course,  see "wheel v. Robinson,**

**34, F. 3d 60, 2nd circuit, 1994, WOW, where state judge
falsified docket entries to committ perjury, she was state
judge in Vermont, come on petitioner, this is Massachusetts,
are you telling us, you expect federal judge to pursue these
pieces of human garbage.**

8. Petitioner has attache within **exhibit C**, copuies of docket
entries for this habeas corpus, printed out on  December 5,
2017, see pages 1-3, please review, the petitioner filed Amen-
ded habeas corpus, dated November 2, 2017, entry no. 18, WOW,
Yes, and filed motions, see entry nos. 20-23, one being req-
uest for hearting, court is mandated , said Motion for hearing
is to be ruled upon promtly, as of this day, NOTHING, almost 2
months, WOW,

9. Petitioner must submit copy of docket entry submitted by
Ms. Badway for this habeas corpus, dated October 26, 2017, WOW
docket entry no, 86 is BACK, again see **exhibit B.**

10. This is all part of the record sitting in ront of this judge,
WOW, docket entry no. 86 is on docket entries dated
December 21, 2016 and October 26, 2017, but not on May 30,
2017, WOW, this cannot be

### IN SUMMARY

Do you have to be a rocket scientist to conclude that the
petitioner is sitting in prison today because of the most egre-
gious misconduct by state agents, andYES, the First Circuit
said in **United States v. Therrien, 2017," gross misconduct by**

government, charges must be dismissed, petitionerreleased
from prison, WOW.

To thinkthat a federal judge would keep a innocent person
in prison falsely, now 38 months, WOW, does it get ny sicker than
this, but let us not forget habeas corpus nos. 15-12789-IT and
16-12431-IT, just sat on them, WOW, what gutless cowards. To
think that millions of men and women gave their lives to defend
our freedoms, and we have federal judges who shit all over  their
graves, WOW.

The petitioner believes that he cannòt  get a fair hearing,
despite due process requirements, this is federal court, WOW,
but when there is a bias/prejudice against you, see you later, of
course this abuse of power is only because the petitioner is
PRO-SE, repeat, PRO-se.

ONe more thing, the petitioner after appealing the dismissal
of habeas corpus no. 16-12431-IT, and filing Writ of Mandamus,
that was denied on August 3, 2017, received a 15 year old ORDER
from one Anastasia Dobrovsky, excuse me, a 15 year old Order that
supposedly was directed towards the petitionerr that he cannot
file a complaint against a federal  judge, WOW,  kindly see
copies of located within EXhibit D, the petitioner filed a
second requesdt to Ms. Dobrovsky dated November 30, 2017
requesting evidence that said Order peÍtains to the petitioner,
what happened petitioner, NOTHING, WOW, time to go to the U.S.

Attorney, who just recently declared "nobody above the law," we
see about that., petitioner believes that this is obstruction
of justice.

The question that the United States Attorney must ask, where did
that Order, some 15 years old, how the hell did that come up,
how was it relevant to your papers,  the petitioner is glad
that question is being asked.  As the petitioner submitted,  he
appealed habeas corpus no. 16-12431-IT, seeking A Certificate of
Appealability, and also shortly afterward, filed for a Writ of
Mandamus to the First Circuit, submitting the most egregious
misconduct by state agents, where as submitted, they colluded
and committed perjury  attempting to show that the petitioner
did not order the trial transcripts, do you believe how sick
these people are, of course the petitioner is referring to the
very honorable Justice of the SJC, Elspeth Cypher, Ms. Eva
Badway and her boss, Maura Healey, and for controlling authoritie
see the following:

> 1.  "Wheel v. Robinson, 2nd circuit,"
>
> 2.  "Therrien v. United States, 1st cir. 2017,"
>
> 3.  "Auerhahn v. United States, 1st cir, 2011."

to the Acting U. S. Attorney, the petitioner be;lieves  that
Mr. Weinreb is very familiar with the above two authorities,
therrien and XHMXHXXHHXXX   Auerhahn, both caes out of the
first circuit. Please see located within exhibit E, copies
of first circuit denying both Certificate of Appealability and
Writ of Mandamus, then the petitioner filed Motion for
Clarification, directed to first circuit denying writ of
Mandamus, denials dated August 3, 2017.

As everyone knows, in "Auerhahn" federal judges are
required to notify the proper oversight agencies/offices
re: gross misconduct by attorneys, WOW, but the 1st cir.
refused to do that by denying writ of mandamus, so the
petitioner filed Motion for Clarification, kindly review,
copy of located within exhibit E.  DENIED, they called writ
appeal, WOW, what a stroke job.

Said denial of Motion for Clarification dated SEpt. 19,
2017, and Ms,. Dubrovsky's notice dated Sept. 20, 2017,
what garbage, how is that for obstruction of justice.

As all can see, the petitioner has absolutely no chance of
getting a fair hearing, we will see what Chief Justice Saris and
Mr. Weinreb think, and do about it. [2]

MOTION OF RECUSAL MUST BE ALLOWED.

Signed under the pains and penalties of perjury this 27 day
of December, 2017.

```
                                         James Peter Kyricopoulos
```

2.   The petitioner watched Friday, December 22, 2017 that
     illegal be released by federal judge in Boston, so he
     can spend Christmas with his family in Chelsea, wasn't
     that nice, the petitioner innocent, stay in prison,
      liberalism at its best, a mental disorder, how sick
     are these judges, and all.

## CERTIFICATE OF SERVICE

I, James Peter Kyricopoulos, petitioner, pro-se do hereby
certify that true copies of the enclosed were mailed to
the following by first class mail, postage prepaid this
27th day of December, 2017:


EVA BADWAY, ASST' ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS   02108


PATTY SARIS, CHIEF JUSTICE
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY,  SUITE 8110
BOSTON, MASSACHUSETTS   02210


WILLIAM WEINREB, ACTING U.S. ATTORNEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY,  SUITE 9200
BOSTON, MASSACHUSETTS   02210

certified mail: return receipt requested.


James Peter Kyricopoulos

Dated:  December 27, 2017

# United States Court of Appeals
## For the First Circuit

No. 16-1071

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Howard, <u>Chief Judge</u>
Kayatta and Barron, <u>Circuit Judge</u>.

## JUDGMENT

Entered: February 3, 2016

Petitioner's mandamus petition complains about delay on the part of a magistrate-judge in failing to adjudicate a § 2254 petition that was docketed on June 23, 2015. Petitioner asks this court to issue a writ of mandamus "immediately demanding that Magistrate Boal issue her 'Report and Recommendation.'" The petition for writ of mandamus is denied. Complaints about delay on the part of a magistrate-judge should be addressed in the first instance to the district court judge who referred the matter to the magistrate-judge.

<u>Denied.</u>

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

cc:   James P. Kyricopoulos
      Annette C. Benedetto

# United States Court of Appeals
## For the First Circuit

No. 17-1291

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before,

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

## JUDGMENT

Entered:  March 31, 2017

Petitioner James Peter Kyricopoulos has filed a petition for writ of mandamus, asking this court to intervene in a 28 U.S.C. § 2254 proceeding currently pending before the district court (1:16-cv-12431-IT).  Having carefully reviewed petitioner's filings and relevant portions of the record, we conclude that the extraordinary remedy of mandamus is not in order.  See generally In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 (1st Cir. 2000) (general mandamus principles).  The petition for writ of mandamus is **DENIED**, and any remaining pending motions are **DENIED** as moot.  See Local Rule 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway

**EXHIBIT    B**

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/22/2014 | RE Offense 14:Guilty verdict | |
| 10/22/2014 | RE Offense 15:Guilty verdict | |
| 10/22/2014 | RE Offense 16:Guilty verdict | |
| 10/22/2014 | RE Offense 17:Guilty verdict | |
| 10/22/2014 | RE Offense 18:Guilty verdict | |
| 10/22/2014 | RE Offense 19:Guilty verdict | |
| 10/23/2014 | Cash Bail Received ($15,000.00) TOTAL of ($20,000.00) | 83 |
| 10/27/2014 | Sentence imposed to State Prison: Counts 001-010, Not more than 5 years and not less than 3 years all to run concurrent with one another. Counts 011-019, 8 years probation from and after time served | |
| 10/27/2014 | RE Offense 1:Guilty verdict | |
| 10/27/2014 | RE Offense 3:Guilty verdict | |
| 10/27/2014 | RE Offense 5:Guilty verdict | |
| 10/27/2014 | Victim-witness fee assessed: $90.00 (Thomas Drechsler, Justice) | |
| 10/27/2014 | Probation supervision fee assessed: WAIVED (Thomas Drechsler, Justice) | |
| 10/28/2014 | Commonwealth files sentencing memorandum | 84 |
| 10/28/2014 | MOTION by Deft: renewed for finding of not guily pursuant to criminal rule 25 | 85 |
| 10/28/2014 | MOTION (P#85) denied (Thomas Drechsler, Justice). Copies mailed 10/28/14 | |
| 10/28/2014 | MOTION by Deft: to waive costs | 86 |
| 10/28/2014 | MOTION (P#86) allowed in part to the extent that this shall act as the defendants request for a transcript or transcript order. The issue of cost is reserved. (Thomas Drechsler, Justice). Copies mailed 10/28/2014 | |
| 10/28/2014 | NOTICE of APPEAL FILED by James Kyricopoulos | 87 |
| 10/29/2014 | Deft files petition for release of unlawful restraint pursuant to criminal rule 30(A) | 88 |
| 10/31/2014 | Notice of appeal from sentence to Cedar Junction MCI (Walpole) filed by James Kyricopoulos | 88.1 |
| 10/31/2014 | Letter transmitted to the Appellate Division. All parties notified 11/24/2014. | 89 |
| 11/03/2014 | MOTION (P#88) denied (Thomas Drechsler, Justice). Copies mailed 11/03/2014 | |
| 12/22/2014 | MOTION by Deft: to amend petition of unlawful restraint pursuant to criminal rule 30A | 90 |
| 12/22/2014 | MOTION (P#90) allowed only to the extent that this pleading seeks to amend the prior pleading. No further amendments will be permitted. (Thomas Drechsler, Justice). Copies mailed 12/22/2014 | |
| 01/05/2015 | Court Reporter Lynch, Jr., John M. is hereby notified to prepare one copy of the transcript of the evidence of 05/22/2014 | |
| 01/05/2015 | Court Reporter JAV Essex CV CtRm 1 Lawrence is hereby notified to prepare one copy of the transcript of the evidence of 10/15 - 27/2014 | |
| 01/05/2015 | Defendant files MOTION to revise and revoke sentence and Affidavit - filed.(Copy of motion and docket sheets to Judge Dreschler) | 91 |
| 01/05/2015 | Defendant, James Peter Kyricopoulos' Stay Defendant's Motion To Revise And Revoke Sentence - filed. | 92 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/22/2014 | RE Offense 11:Guilty verdict | |
| 10/22/2014 | RE Offense 12:Guilty verdict | |
| 10/22/2014 | RE Offense 13:Guilty verdict | |
| 10/22/2014 | RE Offense 14:Guilty verdict | |
| 10/22/2014 | RE Offense 15:Guilty verdict | |
| 10/22/2014 | RE Offense 16:Guilty verdict | |
| 10/22/2014 | RE Offense 17:Guilty verdict | |
| 10/22/2014 | RE Offense 18:Guilty verdict | |
| 10/22/2014 | RE Offense 19:Guilty verdict | |
| 10/27/2014 | Sentence imposed to State Prison: Counts 001-010, Not more than 5 years and not less than 3 years all to run concurrent with one another. Counts 011-019, 8 years probation from and after time served | |
| 10/27/2014 | RE Offense 1:Guilty verdict | |
| 10/27/2014 | RE Offense 3:Guilty verdict | |
| 10/27/2014 | RE Offense 5:Guilty verdict | |
| 10/28/2014 | Commonwealth files sentencing memorandum | 84 |
| 10/28/2014 | NOTICE of APPEAL FILED by James Kyricopoulos | 87 |
| 10/29/2014 | Deft files petition for release of unlawful restraint pursuant to criminal rule 30(A) | 88 |
| 10/31/2014 | Notice of appeal from sentence to Cedar Junction MCI (Walpole) filed by James Kyricopoulos | 88.1 |
| 10/31/2014 | Letter transmitted to the Appellate Division. All parties notified 11/24/2014. | 89 |
| 01/05/2015 | Court Reporter Lynch, Jr., John M. is hereby notified to prepare one copy of the transcript of the evidence of 05/22/2014 | |
| 01/05/2015 | Court Reporter JAV Essex CV CtRm 1 Lawrence is hereby notified to prepare one copy of the transcript of the evidence of 10/15 - 27/2014 | |
| 01/13/2015 | Updated docket sheets mailed to Defendant, James Peter Kyricopoulos at MCI Cedar Junction, Walpole, MA per request from Defendant. | 93 |
| 02/13/2015 | Updated docket sheets mailed to Defendant, James Peter Kyricopoulos at MCI Cedar Junction, Walpole, MA per request from Defendant. | |
| 03/11/2015 | Court received letter from Executive Office of Trial Court enclosing letter from defendant and related attachments - received 2/25/15 | 96 |
| 03/18/2015 | Defendant 's  Motion for Habeas Corpus Ad Testificandum | 97 |
| 03/19/2015 | Defendant 's  Motion for | 98 |
| | Defendant, james Peter Kyricopoulos' Motion For Recusal Of Superior court Judge Thomas Dreschler and Affidavit in Support Of  - filed. (copy of motion and docket sheets to Judge Dreschler) | |
| 03/25/2015 | CD of Transcript of 10/15/2014 09:00 AM Jury Trial received from Court Reporter Transcripts received on Digital Format from Court Transcribers Theresa Bullock & Laura Dellinger for dates 10/15/14, 10/16/14, 10/17/14. 10/20/14, 10/21/14 & 10/27/14.. | 99 |
| 03/30/2015 | Endorsement on Motion for Recusal, (#98.0):  DENIED | |
| | Applies To: Kyricopoulos, James P (Defendant); Strasnick, Esq., Jessica Michele (Attorney) on behalf of Commonwealth (Prosecutor); Mallard, Esq., Philip Anthony (Attorney) on behalf of Commonwealth (Prosecutor) | |
| 03/30/2015 | The following form was generated: A Clerk's Notice was generated and sent to: | |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/22/2014 | RE Offense 10:Guilty verdict | |
| 10/22/2014 | RE Offense 11:Guilty verdict | |
| 10/22/2014 | RE Offense 12:Guilty verdict | |
| 10/22/2014 | RE Offense 13:Guilty verdict | |
| 10/22/2014 | RE Offense 14:Guilty verdict | |
| 10/22/2014 | RE Offense 15:Guilty verdict | |
| 10/22/2014 | RE Offense 16:Guilty verdict | |
| 10/22/2014 | RE Offense 17:Guilty verdict | |
| 10/22/2014 | RE Offense 18:Guilty verdict | |
| 10/22/2014 | RE Offense 19:Guilty verdict | |
| 10/23/2014 | Cash Bail Received ($15,000.00) TOTAL of ($20,000.00) | 83 |
| 10/27/2014 | Sentence imposed to State Prison: Counts 001-010, Not more than 5 years and not less than 3 years all to run concurrent with one another. Counts 011-019, 8 years probation from and after time served | |
| 10/27/2014 | RE Offense 1:Guilty verdict | |
| 10/27/2014 | RE Offense 3:Guilty verdict | |
| 10/27/2014 | RE Offense 5:Guilty verdict | |
| 10/27/2014 | Victim-witness fee assessed: $90.00 (Thomas Drechsler, Justice) | |
| 10/27/2014 | Probation supervision fee assessed: WAIVED (Thomas Drechsler, Justice) | |
| 10/28/2014 | Commonwealth files sentencing memorandum | 84 |
| 10/28/2014 | MOTION by Deft: renewed for finding of not guily pursuant to criminal rule 25 | 85 |
| 10/28/2014 | MOTION (P#85) denied (Thomas Drechsler, Justice). Copies mailed 10/28/14 | |
| 10/28/2014 | MOTION by Deft: to waive costs | 86 |
| 10/28/2014 | MOTION (P#86) allowed in part to the extent that this shall act as the defendants request for a transcript or transcript order. The issue of cost is reserved. (Thomas Drechsler, Justice). Copies mailed 10/28/2014 | |
| 10/28/2014 | NOTICE of APPEAL FILED by James Kyricopoulos | 87 |
| 10/29/2014 | Deft files petition for release of unlawful restraint pursuant to criminal rule 30(A) | 88 |
| 10/31/2014 | Notice of appeal from sentence to Cedar Junction MCI (Walpole) filed by James Kyricopoulos | 88.1 |
| 10/31/2014 | Letter transmitted to the Appellate Division. All parties notified 11/24/2014. | 89 |
| 11/03/2014 | MOTION (P#88) denied (Thomas Drechsler, Justice). Copies mailed 11/03/2014 | |
| 12/22/2014 | MOTION by Deft: to amend petition of unlawful restraint pursuant to criminal rule 30A | 90 |
| 12/22/2014 | MOTION (P#90) allowed only to the extent that this pleading seeks to amend the prior pleading. No further amendments will be permitted. (Thomas Drechsler, Justice). Copies mailed 12/22/2014 | |
| 01/05/2015 | Court Reporter Lynch, Jr., John M. is hereby notified to prepare one copy of the transcript of the evidence of 05/22/2014 | |
| 01/05/2015 | | |

No. SJ-2017-0182

## TOTAL CONSTITUTIONAL DEPRIVATIONS

1. Petitioner was arrested without "probable cause,"
   within his Petition of Unlawful Restraint:

   U.S. and Mass. Constitutioins: 4th, 5th, 6th and 14th
   amendments;

2. Petitioner DEnied Fair Trial: 5th, 6th and 14th amendments
   to U.S. and Mass. Constitutions;

3. Deied Due Process; 5th and 14th amendments of U.S. and
   Mass. Constitutiins;

4. Denied Equal Protection of Law, being able to Appeal
   Petition of Unlawful Restraint, Crim. R. 30A;,

   5th and 14th amendments of U.S. and Mass. Constitutions;

   throw in 6th amendment also of both constitutions, fair
   trial.

5. Denied Due Process in obtaining pre-trial and trial
   transcripts;

   5th, 6th, and 14th amendments of both constitutions;

6. Denied Eqwual Protection of Administrative Order, no. 09-2,
   obtainingtranscripts  within time stansdards of said
   Administrative Order, No. 09-2:

   5th, 6th and 14th amendments of both constitutions.

This ENOUGH, only in the Commonwealth, 32 months of false

imprisonment, petitioner counts "ONLY" 18 violations of the

United States and Massachusetts Constyitutions.


WOW, repeat, WOW, please put out a "all out points bulletin,"

(APB), where is the Attorney General, top cop, what a JOKE.

**EXHIBIT    C**

HABEAS,PaperRecord

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:17-cv-11778-FDS

Kyricopoulos v. Gaffney
Assigned to: Judge F. Dennis Saylor, IV
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 09/18/2017
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**James Peter Kyricopoulos**                represented by    **James Peter Kyricopoulos**
W#105398
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324
508-279-6000
PRO SE

V.

**Respondent**

**Erin Gaffney**                            represented by    **Eva M. Badway**
Attorney General's Office
Room 2019
One Ashburton Place
Boston, MA 02108-1698
617-727-2200 x2824
Fax: 671-727-5755
Email: eva.badway@state.ma.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2017 | 1 | PETITION for Writ of Habeas Corpus pursuant to 28:2254, filed by James Peter Kyricopoulos.(Coppola, Katelyn) (Entered: 09/18/2017) |
| 09/18/2017 | 2 | MEMORANDUM OF LAW in Support of Petition 2254. Statement of Fact by James Peter Kyricopoulos in re 1 Petition for Writ of Habeas Corpus (28:2254). (Coppola, Katelyn) (Entered: 09/18/2017) |

| | | | |
|---|---|---|---|
| ⊦ | 09/18/2017 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge F. Dennis Saylor, IV assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Coppola, Katelyn) (Entered: 09/18/2017) |
| | 09/19/2017 | 4 | Filing fee/payment: $5.00, receipt number 1BST064455 for 1 Petition for Writ of Habeas Corpus (28:2254) (Coppola, Katelyn) (Entered: 09/19/2017) |
| | 10/05/2017 | 5 | Letter to the Court from James Peter Kyricopoulos. (Geraldino-Karasek, Clarilde) (Entered: 10/05/2017) |
| | 10/05/2017 | 6 | DOCKET SHEET sent to James Peter Kyricopoulos W#105398 Old Colony Correctional Center 1 Administration Road Bridgewater, MA 02324 (Geraldino-Karasek, Clarilde) (Entered: 10/05/2017) |
| | 10/10/2017 | 7 | Judge F. Dennis Saylor, IV: ORDER entered. SERVICE ORDER re 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 21 days of receipt of this order. (Maynard, Timothy) (Entered: 10/10/2017) |
| | 10/16/2017 | 8 | MOTION to Amend 1 Petition for Writ of Habeas Corpus (28:2254) by James Peter Kyricopoulos.(Maynard, Timothy) (Entered: 10/16/2017) |
| | 10/17/2017 | 9 | Letter/request (non-motion) from James Peter Kyricopoulos. (DOCKET SHEET SENT on this date) (Maynard, Timothy) (Entered: 10/17/2017) |
| | 10/19/2017 | 10 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 8 Motion to Amend. Petitioner is directed to file a complete Amended Petition by 11/2/2017. COPY MAILED. (Pezzarossi, Lisa) (Entered: 10/19/2017) |
| | 10/19/2017 | 11 | MOTION for Immediate Release by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 10/19/2017) |
| | 10/19/2017 | 12 | ADDENDUM re 1 Petition for Writ of Habeas Corpus (28:2254) filed by James Peter Kyricopoulos by James Peter Kyricopoulos. (Attachments: # 1 Exhibit) (Maynard, Timothy) (Entered: 10/19/2017) |
| | 10/27/2017 | 13 | Letter/request (non-motion) requesting D. 7 from James Peter Kyricopoulos. (Document sent on this date) (Maynard, Timothy) Modified on 10/27/2017 (Maynard, Timothy). (Entered: 10/27/2017) |
| | 10/31/2017 | 14 | NOTICE of Appearance by Eva M. Badway on behalf of Erin Gaffney (Badway, Eva) (Entered: 10/31/2017) |
| | 10/31/2017 | 15 | NOTICE by Erin Gaffney *Regarding Existence of Victim* (Badway, Eva) (Entered: 10/31/2017) |

| | | | |
|---|---|---|---|
| 10/31/2017 | ⌐⫟ | 16 | MOTION to Dismiss by Erin Gaffney. (Attachments: # 1 Exhibit State Court Docket, # 2 Exhibit State Appeals Court Docket, # 3 Exhibit State Appeals Court Docket, # 4 Exhibit SJ Docket, # 5 Exhibit SJ petition, # 6 Exhibit USDC docket, # 7 Exhibit USDC docket)(Badway, Eva) (Entered: 10/31/2017) |
| 10/31/2017 | | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss filed by Erin Gaffney. (Badway, Eva) (Entered: 10/31/2017) |
| 11/02/2017 | | 18 | AMENDED PETITION for Writ of Habeas Corpus pursuant to 28:2254, filed by James Peter Kyricopoulos. (Attachments: # 1 Exhibit)(Maynard, Timothy) (Entered: 11/02/2017) |
| 11/06/2017 | | 19 | Letter/request (non-motion) from James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | ⌐⫟ | 20 | MOTION to Compel by James Peter Kyricopoulos.(Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | ⌐⫟ | 21 | MOTION for Evidentiary Hearing by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | ⌐⫟ | 22 | MOTION for Immediate Release by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | | 23 | Opposition re 16 MOTION to Dismiss filed by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/13/2017 | | 24 | Amended PETITION for Writ of Habeas Corpus pursuant to 28:2254, filed by James Peter Kyricopoulos. (Attachments: # 1 Exhibits)(Maynard, Timothy) (Entered: 11/13/2017) |
| 11/21/2017 | | 25 | DECLARATION by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/21/2017) |
| 12/04/2017 | | 26 | Letter/request (non-motion) from James Peter Kyricopoulos. (Halley, Taylor) (Entered: 12/05/2017) |
| 12/05/2017 | | 27 | DOCKET SHEET sent to James Peter Kyricopoulos (Halley, Taylor) (Entered: 12/05/2017) |

**EXHIBIT   D**

Dated: November 30, 2017


VIA FIRST CLASS MAIL.


**ANASTASIA DUBROVSKY**
**SUPERVISORY ATTORNEY**
**OFFICE OF THE CIRCUIT EXECUTIVE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**
**JOHN JOSEPH MOAKLEY UNITED**
**STATES COURTHOUSE**
**1 COURTHOUSE WAY, SUITE 3700**
**BOSTON, MASSACHUSETTS   02210**


In Re:  Correspondence dated September 26, 2017


Dear Ms. Dubrovsky;


        First I want to hope that you had a very nice Thanksgiving
as I still am able to enjoy the confines of state prison.  Of
course you know WHY I am contacting you, see my correspondence
dated September 26, 2017, requesting any evidence that the ORDER
you forwarded to me dated January 31, 2002, is directed to me.
I have been directed to you  and your office a second request, IF
I do not receive any evidence as requested, I will be forwarding
to your office a complaint of judicial MISCONDUCT that will ROCK
the Common decency of justice.

        Yes, I believe that I know who directed you to forward
said ORDER, how are my buddies, Judge Torruella and Judge Lynch,
their Order dated September 19, 2017, stating that no. 17-1651 wa
about Appeals is a very interesting .


        They know what I am talking about, the prejudice re: the
administration of justice is outright despicable.

I await to hear from you.

I forgot what a game being played in habeas corpus no.
17-11778-FDS, cannot receive updated docket entries, but the
prejudice is full-blown.


                              Sincerely,


                              James Peter Kyricopoulos,
                                 complainant, pro-se
                              presently incarcerated at:
                              Old Colony Correctional Center
                              Minimum SEcurity
                              One Administration Ropad
                              Bridgewater, Mass. 02324


JPK
enclosures
cc:  Chief Justice Patti Saris
     Chief Justice Howard



**UNITED STATES COURTS FOR THE FIRST CIRCUIT**
**OFFICE OF THE CIRCUIT EXECUTIVE**
**JOHN JOSEPH MOAKLEY UNITED STATES COURTHOUSE**
**1 COURTHOUSE WAY · SUITE 3700**
**BOSTON, MA 02210**

**SUSAN J. GOLDBERG**
**CIRCUIT EXECUTIVE**
**617-748-9614**

**FLORENCE PAGANO**
**DEPUTY CIRCUIT EXECUTIVE**
**617-748-9376**

September 20, 2017

James Peter Kyricopoulos
Old Colony Correctional Center
Minimum Security
One Administration Road
Bridgewater, MA  02324

Re:    Correspondence

Dear Mr. Kyricopoulos,

The enclosed correspondence, dated September 4, 2017, has been referred to my attention. The letter appears to lodge allegations of judicial misconduct against Judge Talwani and Magistrate Boal, both of the United States District Court for the District of Massachusetts. Pursuant to the Order issued by the Judicial Council of the First Circuit on January 31, 2002 (copy enclosed), "no new complaints of judicial misconduct shall be accepted" from you. Accordingly, the correspondence will not be accepted for filing as a judicial misconduct complaint.

Sincerely,

Anastasia Dubrovsky
Supervisory Attorney

enclosure

JUDICIAL COUNCIL
FOR THE FIRST CIRCUIT

IN RE
COMPLAINT NO. 308

BEFORE

Torruella, Stahl, Lynch, Lipez, Circuit Judges
Lagueux, Woodlock, DiClerico, Dominguez, Singal, District Judges

ORDER

ENTERED: JANUARY 31, 2002

Petitioner, a pro se litigant, has filed a petition for review of Chief Judge Boudin's dismissal of his complaint of misconduct under 28 U.S.C. § 372(c) against an appellate judge and a district judge in the First Circuit. The petitioner has also filed a written opposition seeking to show cause why his ability to file further complaints should not be limited in response to a Show Cause Order, issued by Chief Judge Boudin in the same matter on October 5, 2001.

The petitioner originally alleged that the appellate and district judges engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts in connection with a previous complaint that the petitioner submitted against four clerks -- two of the court of appeals and two of the district court.[1] The petitioner essentially alleged that the judges improperly dismissed and mishandled the complaint against the clerks. The petitioner asserted that the judges could not impartially consider the complaint against the clerks because,

---

[1] The complaint also included allegations of wrongdoing by the then Circuit Executive and one of his assistants. By letter, dated October 5, 2001, Chief Judge Boudin dismissed the allegations of misconduct by these two officials.

as members of the First Circuit Judicial Council, they had reviewed another of petitioner's judicial misconduct complaints (No. 282) that related to the complaint against the clerks.

Chief Judge Boudin dismissed the complaint. The Chief Judge determined that both judges thoroughly investigated the petitioner's allegations of clerical impropriety, drew reasonable conclusions and properly notified the petitioner of the results of their investigations. As the petitioner failed to substantiate the allegation that the judges' review of the petitioner's prior judicial misconduct complaint in any way prejudiced their evaluation of the complaint against the clerks, Chief Judge Boudin dismissed the complaint as without sufficient basis to warrant further investigation. See 28 U.S.C. § 372(c)(3)(A)(iii).

Because the petitioner had filed misconduct complaints against three or more individual judges that had been found to be clearly without merit (No. 253, No. 282, and No. 308), the Chief Judge also issued a Show Cause Order, dated October 5, 2001, directing the petitioner to show cause why the Judicial Council should not enter an order precluding the petitioner from filing any further judicial misconduct complaints.[2]

In the petition for review, the petitioner states that his complaint and the Chief Judge's order are from "two different worlds." The petitioner states that the Chief Judge "glosses over" the original allegations – that at the "root" of the complaint was the claim that the accused judges conspired with the previous Circuit Executive and one of his assistants to disseminate to the petitioner an outdated version of the Rules of the Judicial Council of the First Circuit Governing

---

[2]The complainant filed Complaint No. 253 against a district judge on December 9, 1997 alleging delay and impropriety in connection with a civil case over which the judge presided. On February 17, 1998, then Chief Judge Torruella dismissed Complaint No. 253 pursuant to 28 U.S.C. §§ 372(c)(3)(A)(ii), 372(c)(3)(A)(iii). On June 8, 1998, the Judicial Council affirmed the order of dismissal. The complainant filed Complaint No. 282 on December 3, 1999 against three district judges and one appellate judge. Complaint No. 282 alleged misconduct in connection with multiple criminal and civil proceedings before the court. On March 29, 2000, Judge Selya dismissed Complaint No. 282 pursuant to 28 U.S.C. §§ 372(c)(3)(A)(ii), 372(c)(3)(A)(iii). On September 8, 2000, the Judicial Council affirmed the order of dismissal.

-2-

Complaints of Judicial Misconduct or Disability (Rules of Judicial Misconduct).  The petitioner secondarily alleges that, when they dismissed the complaint against the four clerks, the judges were "not aware that the [petitioner] was in possession of the new rules."

In opposition to the Show Cause Order, the petitioner submits a copy of a letter from an Assistant United States Attorney to the petitioner, dated January 2, 2001, stating that the petitioner's "complaint" is not within the jurisdiction of the U.S. Department of Justice.  The petitioner seemingly argues that, because this letter does not indicate that the judicial misconduct complaint to which it purportedly refers lacks an evidentiary basis, the unidentified complaint was erroneously dismissed.  The petitioner further states that, in response to Complaint No. 282, both the Chief Judge and Judicial Council wrongfully neglected to inform the petitioner of his right to bring criminal charges to the appropriate authorities.  Utilizing vulgar, inappropriate language, the petitioner concludes that he will forward his criminal complaint to the United States Attorney.

The petition for review is without merit.  The petitioner's assertion that the complaint actually alleged that the judges conspired with representatives of the Circuit Executive's Office is baseless.  A review of the record indicates that Chief Judge Boudin clearly responded to the allegations contained in the original complaint.  Further, by letter, dated October 5, 2001, Chief Judge Boudin notified the petitioner that the allegations of misconduct by these officials were unfounded.  Any remaining claim that the judges wrongfully conspired with these officials is presented without a shred of factual substantiation.  The petitioner's related assertion that, when they dismissed the complaint against the four clerks, the judges were unaware that the petitioner

had retained the new Rules of Judicial Misconduct is irrelevant to any allegation of judicial misconduct. Accordingly, the complaint was properly dismissed. See 28 U.S.C. § 372(c)(3)(A)(iii).

The petitioner's opposition to the Show Cause Order is equally vacuous. Aside from the petitioner's inappropriate language, the statement that an unidentified complaint is outside the purview of the jurisdiction of the U.S. Department of Justice has no bearing on the merits of the complaint. Further, orders of dismissal need only inform a complainant of the right to bring "non-frivolous allegations of criminal conduct by a judge" to the appropriate authorities when they are dismissed "solely for lack of jurisdiction under 28 U.S.C. § 372(c)." Rules of Judicial Misconduct, Rule 4(i). Each of the petitioner's multiple misconduct complaints (No. 253, No. 282, and No. 308) contained only frivolous allegations; none were dismissed for lack of jurisdiction under the misconduct statute. As the petitioner has filed exclusively repetitive, baseless complaints of judicial misconduct against numerous judges and fails to provide any meaningful reason why he should not be precluded from continuing to submit such claims, the petitioner is restricted from filing any further complaints of judicial misconduct. See Rules of Judicial Misconduct, Rule 1(f).

For the reasons stated herein, the order of dismissal is affirmed. It is further ordered that, until otherwise directed by the Judicial Council, no new complaints of judicial misconduct shall be accepted by the petitioner.

_____
Gary H. Wente, Secretary

-4-

**EXHIBIT   E**

# United States Court of Appeals
## For the First Circuit

No. 17-1374

JAMES PETER KYRICOPOULOS,

Petitioner, Appellant,

v.

JOSEPH MURPHY,

Respondent, Appellee.

No. 17-1651

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Torruella, Lynch and Barron,
<u>Circuit Judges.</u>

## JUDGMENT

Entered: August 3, 2017

Petitioner James Peter Kyricopoulos has filed an application for certificate of appealability ("COA") (17-1374), stemming from the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of exhaustion, and a related petition for writ of mandamus (17-1651). Neither debatable nor wrong was the district court's conclusion that, at the time of its ruling in the § 2254 proceeding, Kyricopoulos had not exhausted his state remedies.  <u>See</u> <u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000) (COA standard); <u>see</u> <u>also</u> 28 U.S.C. § 2254(b)(1)(A) (requiring § 2254 petitioner to "exhaust[] the remedies available in the courts of the State"); <u>Janosky</u> v. <u>St. Amand</u>, 594 F.3d 39, 50 (1st Cir. 2010) (noting that exhaustion in Massachusetts requires presentation of a claim "fairly and recognizably to the SJC").  Accordingly, the application for COA is **DENIED**, and appeal 17-1374 is terminated.

As for the mandamus petition, having carefully reviewed Kyricopoulos' filings, we conclude that the extraordinary remedy of mandamus is not in order. See generally In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 (1st Cir. 2000) (general mandamus principles). The petition for writ of mandamus is **DENIED**. See Local Rule 27.0(c).

In light of the foregoing, Kyricopoulos' motion to consolidate the proceedings and his motion to proceed in forma pauperis in the mandamus proceeding are **DENIED** as moot. Also **DENIED** as moot are Kyricopoulos' various motions to amend his mandamus petition and to file addenda, as the content of the proposed amendments and/or addenda would not alter the outcome of the mandamus proceeding. Any other pending motions are denied as moot.

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway
Maura Doyle

(1)

UNITED STATES   COURT OF APPEALS
FOR THE FIRST CIRCUIT

NO. 17-1651

_____

IN RE:   JAMES PETER KYRICOPOULOS,
petitioner

_____

JAMES PETER KYRICOPOULOS,
petitioner

v.

ERIN GAFFNEY,
respondent

_____

PETITIONER, JAMES PETER KYRICOPOULOS'
MOTION FOR CLARIFICATION.

NOW COMES the petitioner, James Peter Kyricopoulos, pro-se
and submits this Motion for Clarification, for this Court to
Clarify its Order of Denying the Petitioner's Writ of Mandamus,
said Denial dated August 3, 2017, see attached copy of, the same
day this Court Denied the petitioiner's  application for Certi-
ficate of Appealability, nos. 17-1651 and 17-1374 respectively.

(2)

As reasons for, reviewing this Court's Denial of the Writ
of Mandamus, it states, page 2, that the extraordinary remedy of
mandamus is not in order, WOW.  This statement ".shocked"  the
petitioner, WHY, what the petitioner submitted within his petiti-
on was criminal conduct by Ms. Badway of the Attorney General's
Office and Supreme Judicial Court Justice Elspeth Cypher, who
"colluded"  to committ perjury to Deny the petitioner's Writ of
Mandamus in the Supreme Judicial Court, said denial dated June 12
2017. WHAT! Ms. Badway falsified the Court docket entries, dele-
ting docket entry no. 86, which showed that the petitioner had
ordered the trial transcripts on October 28, 2014, and over 32
months klater, no trial transcripts, violating SJC, Chief Justice

Standing Order 09-2, where they are required to be ready within
6 months. As controlling cases, the petitioner cited  "Wheel  v.
Robinson, 2nd Circuit,"  and United States v. Therrien, 1st cir.
2017, where thegovernment engages in the most egregious miscon-
duct, compelling the Court to dismiss the criminal charges, WHAT!
petitioner understands when you  are pro-se, sorry.

    The petitioner now cites  "Auerhahn v.  United States, 2009
U.S. District Court for the District of Massachusetts, where the
Court said the following, QUOTE:  "A Judge has an ethical obli-
gation to "intiate" appropriate action when the Judge(s) becomes
aware of reliable evidence indicating the likelihood of unpro-

(3)

fessional conduct by a lawyer,  Canon 3 (b)(3) of Code for

U.S. JUDGES, 2003."

The District Court also said in  "In Re:  auerhahn, 2011, that

D. Mass. R. 83.6 which governs disciplinary enforcement and

Allows the U.S. District Court for the District of Massachusetts

to impose sanctions including suspension and disbarrment,"

"WOW"


What the petitioner submitted was so obvious, that a 8th grade

student would have discovered the falsifying the docket entries,

so that MS. Badway and the SJC Justice Cypher could committ

"PERJURY,"

WHAT THE PETITIONER IS SAYING THAT HE SITS IN STATE PRISON
TODSAY BECAUSE OF THIS MOST EGREGIOUS, OUTRAGEOUS, AND BLA-
TANT MISCONDUCT BY TWO STATE AGENTS, ONE A  MEMBER OF THE
ATTORNEY GENERAL'S OFFICE, REPRESENTING MAURA HEALEY,
ATTORNEY GENERAL, AND SJC JUSTICE CYPHER, A JUDGE OF THE
STATE'S HIGHEST COURT, BUT OF COURSE HOW COULD THE ATTORNEY
GENERAL PERSUAGE A JUDGE OF THE SUPREME JUDICIAL COURT TO
COMMITT PERJURY, KEEPING A INNOCENT PERSON IN STATE PRISON,
HOW ABOUT THIS COMPELLING FACT, THEY ARE BOTH LESBIANS, WHICH
MAKES THE PETITIONER A VICTIM OF A HATE CRIME, GENDER IDENTIT
Yes, JUDGE CYPHER WORKED WITH MS. HEALEY'S WIFE ON THE
APPEALS COURT LAST YEAR, WOW, WHAT A COINCIDENCE.

(4)

The petitioner moves this Court to Clarify its Denial of
the Writ of Mandamus, sayingthat mandamus was not in order,
when this Court said in Therrien that the most egregious
misconduct that would shock the common sense of jusitice
compels this Court to Dismiss the criminal charges, which is
what the petitioner seeked in his Writ of Mandamus,  with
all due respect, the petitioner requests the following
points of Clarification:

1.   Did the petitioner submit overwhelming evidence of
     egregious misconduct by a lawyer/ and judge;

2.   is the petitioner a possible victim of a hate crime,
     where his civil rights are being prolonged, suffering
     false imprisonment;

3.   the evidence submitted by the petitioner of falsifying
     court documents meet the legal standard that this  Court
     said cin "Therrien"  must be met for dismissal of
     criminal charges to be warranted.

                                   Respectfully submitted,


                                   James Peter Kyricopoulos
                                   petitioner, pro-se
                                   Old Colony Correctional
                                   Center-Minimum Security
                                   One administration Road
                                   Bridgewater, Mass. 02324

Dated:   August 22, 2017

# United States Court of Appeals
## For the First Circuit

No. 17-1374

JAMES PETER KYRICOPOULOS,

Petitioner, Appellant,

v.

JOSEPH MURPHY,

Respondent, Appellee.

No. 17-1651

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Torruella, Lynch and Barron,
<u>Circuit Judges</u>.

## ORDER OF COURT

Entered: September 19, 2017

Petitioner James Peter Kyricopoulos has filed a "motion for clarification" in appeals 17-1374 and 17-1651.  With regard to appeal 17-1374, we construe the motion as a motion to recall mandate, and the motion is **DENIED**.  With regard to appeal 17-1651, we construe the motion as a second petition for panel rehearing, and the petition is **DENIED**.

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway
Maura Doyle