UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES PETER KYRICOPOULOS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ERIN GAFFNEY, ) <br> ) <br> Respondent. ) | Civil Action No. <br> 17-11778-FDS |

MEMORANDUM AND ORDER
ON PETITION FOR A WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner James Kyricopoulos was convicted of nineteen counts of larceny over $250 and sentenced to a term of imprisonment of three to five years. He seeks a writ of habeas corpus on the grounds that he was arrested without probable cause, denied a fair trial, denied due process, and denied equal protection. He has filed several other motions in this case, including two motions for immediate release, a motion to compel, and a motion for an evidentiary hearing. Respondent has filed a motion to dismiss the petition for failure to exhaust state remedies.

For the reasons given below, respondent's motion to dismiss will be granted, and petitioner's motions will be denied as moot.

**I.     Background**

On April 22, 2013, James Kyricopoulos was indicted for nineteen counts of larceny over $250 in violation of Mass. Gen. Laws ch. 266, § 30(1). (Resp't's Mot. to Dismiss Ex. 1 at 1, 4).

On October 22, 2014, an Essex County jury found him guilty on all counts. (*Id.* Ex. 1 at 9-10). The state court sentenced him to three to five years in state prison, with eight years of probation following his release. (*Id.* Ex. 1 at 10).

Following his sentencing, Kyricopoulos made several requests for relief from the trial court. On October 28, 2014, the day after sentencing, he filed a notice of intent to appeal. (*Id.*). The same day, he filed a renewed motion for a required finding of not guilty pursuant to Massachusetts Rule of Criminal Procedure 25, which the trial judge immediately denied. (*Id.*). On October 29, 2014, he filed a petition for release from unlawful restraint, which he amended on December 22. (*Id.*). The amended petition was denied on April 15, 2015. (*Id.* Ex. 1 at 12). In the meantime, on January 5, 2015, he filed a motion to revise and revoke his sentence, which was denied on February 23, 2015. (*Id.* Ex. 1 at 11). He filed his notice of appeal on April 28, 2015. (*Id.* Ex. 1 at 12).

For reasons that are unclear, two different appeals were docketed in the Massachusetts Appeals Court; they were consolidated on July 18, 2016. (*Id.* Ex. 2 at 1-2, Ex. 3 at 2). Pursuant to Massachusetts Rule of Appellate Procedure 19(a), Kyricopoulos's appeal brief and appendix were due forty days later, or on August 27, 2016. Mass. R. App. P. 19(a); (Resp't's Mot. to Dismiss Ex. 2 at 2). Instead of filing a brief, on August 1, 2016, he filed a motion to stay. (*Id.*). The Appeals Court granted the motion to stay in order to allow him to pursue relief in the trial court and ordered him to file a status report by September 2, 2016. (*Id.*).

On September 14, 2016, the Appeals Court continued the stay until October 14, 2016, because Kyricopoulos's motion to compel the trial court to produce transcripts of certain pre-trial conferences was outstanding. (*Id.*). As of October 14, 2016, no status report had been filed, and on November 10, 2016, the Appeals Court warned Kyricopoulos that if he did not file a status

report within thirty days, his appeal would be dismissed for lack of prosecution. (*Id.*). On November 30, 2016, December 12, 2016, and January 5, 2017, he filed status reports concerning the outstanding trial transcripts. (*Id.* Ex. 2 at 3). On January 9, 2017, the Appeals Court continued the stay until March 6, 2017. (*Id.*). On March 13, 2017, Kyricopoulos filed a status report that the Appeals Court deemed "inappropriate." (*Id.*). On March 23, 2017, the Appeals Court notified him that an appropriate status report was due by April 6, 2017, and that failure to file a report by that date would result in dismissal of the appeal. (*Id.*). On May 2, 2017, the Appeals Court provided notice preceding dismissal of the appeal. (*Id.* Ex. 2 at 4). On June 7, 2017, the appeal was dismissed for lack of prosecution. (*Id.*).

During the pendency of his appeal, Kyricopoulos filed three petitions with the Supreme Judicial Court of Massachusetts for a writ of mandamus pursuant to Mass. Gen. Laws ch. 211, § 3. (*See* Resp't's Mot. to Dismiss Ex. 1 at 13, Ex. 4). The first petition was filed on August 10, 2016, and was denied on September 6, 2016. (*Kyricopoulos v. Driscoll*, No. SJ-2016-0342 (Mass.)). The second petition was filed on December 22, 2016, and was denied without hearing on February 2, 2017. (*Kyricopoulos v. Appeals Court*, No. SJ-2016-0520 (Mass.)). The third petition was filed on April 28, 2016; it sought the production of transcripts and the expedition of his appeal, among other things. (*Kyricopoulos v. Clerk of Appeals Court*, No. SJ-2017-0182, (Mass.); Resp't's Mot. to Dismiss Ex. 4, Ex. 5 at 2). That petition was denied as moot on June 12, 2017, presumably because the transcript had been provided in the Essex Superior Court and the appeal had been dismissed. (Resp't's Mot. to Dismiss Ex. 4 at 2); *see Stow v. Commonwealth*, 423 Mass. 1002, 1003 (Mass. 1996) (holding that criminal defendant's request in mandamus proceeding for order compelling preparation of a transcript was moot after

transcript had been prepared).[1]

Kyricopoulos filed the present habeas corpus petition on September 18, 2017.[2] The petition is based on six grounds: (1) that he was arrested without probable cause; (2) that he was denied a fair trial; (3) that he was denied due process; (4) that he was denied equal protection; (5) that he was denied due process in obtaining pre-trial and trial transcripts; and (6) that he was denied equal protection of the Administrative Office of the Trial Court's Order no. 09-2, Time Standards for Completion of Transcripts in Civil and Criminal Cases, in obtaining the requested transcripts within 120 days. (Am. Pet. at 6 & Ex. D). The respondent filed a motion to dismiss on the ground that petitioner had failed to exhaust his state remedies. (Resp't's Mem. in Supp. Mot. to Dismiss at 5). Kyricopoulos subsequently filed two identical amended petitions for habeas relief under the same grounds. (Docket Nos. 18, 24).

## II.     Standard of Review

Before applying for a writ of habeas corpus, a petitioner must exhaust his available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Specifically, the petitioner must demonstrate that he has "exhausted his state remedies by having first presented the federal constitutional issue to the state courts for their decision." *Goodrich v. Hall*, 448 F.3d 45, 47 (1st Cir. 2006). Where a claim raised in a petition for a writ of habeas corpus is unexhausted, "'it

---

[1] Specifically, Kyricopoulos sought "the entire pre-trial transcripts, October 10 and October 14, 2014, October 15, 16, 17, 20, 21, 27, 2014." (Resp't's Mot. to Dismiss Ex. 5 at 2). The docket shows that transcripts from October 15, 16, 17, 20, 21, 22, and 27, 2014—the dates of his trial—were received by the Appeals Court on July 18, 2016, as soon as his appeal was filed. (*Id.* Ex. 2 at 1). The hearing scheduled for October 14, 2014, was never held. (*Id.* Ex. 1 at 3, 13). A transcript from the October 10, 2014 hearing was received by the trial court from the court reporter on May 9, 2017 (*id.* Ex. 1 at 13), and received by the Appeals Court the following day (*id.* Ex. 2 at 1).

[2] This is Kyricopoulos's third habeas corpus petition in the District of Massachusetts. The other two were filed while his state appeal was still pending, on June 23, 2015, and November 30, 2016, respectively, and were dismissed for failure to exhaust state remedies. *See* Order, *Kyricopoulos v. Mitchell*, No. 15-cv-12789, ECF 58 (D. Mass. Mar. 30, 2016); Order, *Kyricopoulos v. Murphy*, No. 16-cv-12431, ECF 32 (D. Mass. Mar. 29, 2017).

4

would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). For a claim to be exhausted, the claim must have been fairly presented to the state court. *Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004). That requires the petitioner to have presented "both the factual and legal underpinnings" of his claims to the state court. *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989) (calling the exhaustion principal "the disputatious sentry which patrols the pathways of comity").

### III. Analysis

Petitioner's state-court appeal was dismissed for lack of prosecution because he did not file an appropriate status report—or respond in any way to the May 2, 2017 notice preceding dismissal—as ordered by the Massachusetts Appeals Court. (Resp't's Mot. to Dismiss Ex. 2 at 3-4). Petitioner did not seek further review of the dismissal of his appeal from the Supreme Judicial Court. Because neither the Appeals Court nor the Supreme Judicial Court had the opportunity to address any alleged constitutional violations, petitioner has failed to exhaust his available remedies and the petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1); *see also Rose*, 455 U.S. at 518.

Petitioner's attempts to obtain a writ of mandamus under Chapter 211, § 3 from the Supreme Judicial Court are not sufficient to show that he "fairly presented" the alleged violations to the highest state court. To satisfy that requirement, he must receive a denial of relief from the Appeals Court and appeal that denial to the Supreme Judicial Court in accordance with its rules. Order at 3 n.1, *Kyricopoulos v. Murphy*, No. 16-cv-12431, ECF 32 (D. Mass. Mar. 29, 2017). "A ch. 211, § 3 petition is not to be used as 'a substitute for normal appellate review,' and relief

5

is not ordinarily available when the petitioning party has or had 'adequate and effective avenues other than [ch. 211, § 3], by which to seek and obtain the requested relief.'" *Rodriguez v. Spencer*, 412 F.3d 29, 34 (1st Cir. 2005) (alteration in original) (quoting *Tavares v. Commonwealth*, 443 Mass. 1014, 1014 (2005); *Jaynes v. Commonwealth*, 436 Mass. 1010, 1011 (2002)) (citations omitted).

Here, the first two petitions under Chapter 211, § 3 were filed and denied while the state appeal was pending. The third petition was denied five days after the state appeal was dismissed, which was still well within the time to request further appellate review of the dismissal from the Supreme Judicial Court. *See* Mass. R. App. P. 27.1 (allowing 20 days). Thus, even if petitioner had raised all the constitutional claims he presses here in one or another of those petitions, a petition under ch. 211, § 3 was not the appropriate vehicle for those claims and it would not have been proper for the Supreme Judicial Court to rule on their merits. *See Votta v. Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005) (The "superintendence power under G.L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."). Because petitioner still had the opportunity to "raise his claim in the normal course of trial and appeal," the petitions under Chapter 211, § 3 did not "fairly present" the merits of his constitutional claims to the Supreme Judicial Court and do not demonstrate an exhaustion of state remedies. *See Diggs v. Commonwealth*, 439 Mass. 1006, 1007 (2003).

In short, petitioner did not provide the state court with the opportunity to confront or correct the alleged errors. As a result, the motion to dismiss will be granted.

### III. Conclusion

For the reasons stated above, respondent's motion to dismiss is GRANTED. Petitioner's

Motions for Immediate Release (Docket Nos. 11, 22), Motion to Compel (Docket No. 20), and Motion for Evidentiary Hearing (Docket No 21), are DENIED as moot.

**So Ordered.**

Dated: February 13, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge