COURT OF APPEALS NO. _____

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


_____


IN RE:   JAMES PETER KYRICOPOULOS,
petitioner


_____



PETITION  FOR WRIT OF MANDAMUS TO
UNITED STATES DISTRICT JUDGE F DENNIS SAYLOR IV
TO RECUSE HIMSELF FROM PENDING
_____HABEAS CORPUS._____



JAMES PETER KYRICOPOULOS,
  petitioner, pro-se
presently incarcerated at:
Old Colony Correctional Center
Minimum Security
One Administration Road
Bridgewater, Massachusetts  02324


Dated: February 6, 2018

**(1)**

## TABLE OF CONTENTS

RELIEF SOUGHT         . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .         2


ISSUES PRESENTED   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .         2


FACTS NECESSARY TO UNDERSTAND THE
ISSUES PRESENTED BY PETITION         . . . . . . . . . . . . . . . . .         3-8


REASONS FOR WRIT SHOULD ISSUE      . . . . . . . . . . . . . . . . . . .         9


CERTIFICATE OF SERVICE      . . . . . . . . . . . . . . . . . . . . . . . . .         10

APPENDIX:

        Exhibits   A-G

(2)

## RELIEF SOUGHT

THat the District   Court's      Denial of the Recusal Motion be
Vacated, and that U.S.D.J. F Dennis Saylor IV recused himself
immediately from pending habeas corpus or any other matter in
the UNited States District Court,   and that the present habeas
corpus be reassigned to another JUdge could can be fair and
impartial. [1]

## ISSUES PRESENTED

The within petition including the affidavit in support of, shows
a clear and most compelling abuse of power by the respondent,
U.S.D.J. F Dennis Saylor IV, where any reasonable person would
conclude that hisimpartiality could only be **laughed"** at, if
his bias and prejudice against the petitioner is not uncon-
stitutional, we can only laugh.
He in delaying the process of the **GREAT WRIT,"**  which of course
our forefathers declared what habeascorpus is, is making a sham
out of it.  The test under § 455, is whether a reasonable
person with knowledge of all the facts, would conclude that the
judge's impartiality be reasonably questioned, no further comment.

---

Exhibit  A Copy of Recusal Motion be ing Denied.

(3)

**FACTS NECESSARY TO UNDERSTAND THE
ISSUES PRESENTED BY
PETITION**

**RELATED BACKGROUND:**

The petitioner has been attacking this state conviction and the most deliberate act of false imprisonment by filing his first habeas corpus in June of 2015, repeat, 2015. The District Court Judge, Indira Talwani and her associate, Magistrate Boal, intentionally sat on said habeas corpus for some eight months, till the petitioner seek a Writ of Mandamus in February of 2016, WOW, see copy of Writ being DEnied, no. 16-1071 dated February 3, 2016.

The petitioner played that sick game by attempting to exhaust state remedies, to no avail, refiled second habeas corpus after waiting 5 months, no movement by Judge Talwani again, again went back to this Court for Writ, denied , no. 17-1291, dated March 31, 2017

2

The petitioner must submit to tis Court, after the above two writs were denied, both habeas corpus were IMMEDIATELY DIS‑ MISSED by District Court, reasons: **not exhausting state remedies, WHAT A SHAM.**

---

Exhibit C.

(4)

The petitioner then filed Writ of Mandamus to the Supreme Judicial Court of Massachusetts, reasons: for refusing to forward petitioner copy of trial transcripts in order to Appeal the state conviction, this in April of 2017, it was docketed as no. SJ-2017-0182, WOW., to give a glimpse of what the Writ included, was a document titled "total constitutional deprivations,"[3] WOW, only eighteen (18) United States and Massachusetts constitutional violations, but the CRUX of the Writ, under SJC case authority, "Commonwealth v. Lee," and "In Petition of Williams," delay of 2 years not producing trial transcripts was declarded deplorable by SJC, charged DISMISSED, petitioner released from prison immediately, WOW, IN the petitioner's case,, it had been almost 3 years, and Commonwealth refused to give petitioner trial transcripts, violating Standing Order 09-2, when ordered, must be ready within 6 months, when did petitioner order transcripts, October 27,28, 2014, WHAT.

Commonwealth, Ms. Eva Badway colluded with SJC Justice Cypher to falsify docket entries to commit perjury , said Writ was Denied on June 12, 2017, WOW, case authority for said sick misconduct,  see "wheel v. Robinson," 2nd circuit, WOW.

Petitioner then filed Writ of Mandamus in this Court, showing this sick criminal misconduct, writ was docketed as no. 17-1651, petitioner had already pending in this Court appeal, seeking Certificate of Appealability,  where District

Exhibit C.

(5)

Court dismissed second habeas corpus, and please under-
stand petitioner was fully ready to witness a cover-up of
enormous size, a cover-=up no court has ever seen, in "Therrien
v. United State, 1st cir., 2017," egregious misconduct by
government, where the world of common sense that would shock the
world, charges must be dismissed immediately.

This Court, Justices Torruella, Lynch and Barron, ruling,
mandamus is not in order,[4] WOW.  The petitioner filed  Motion for
Clarification,  dated August 22, 2017, kindly see enclosed copy,
again DEnied, where they, Justices Torruella, Lynch and Barron
referred to said Motion as Appeal, see copy of Denial, dated
September 19, 2017,[4] WOW, called it an Appeal, petitioner is pro-se
we can do what we want, we are liberal judges, this is Kennedy
country.  IN Auerhahn, this Court said it is required of  Judge,
to report criminal or unprofessional misconduct by lawyers,
also required by their Canons of Conduct, WOW, well sometimes,
when petitioner is pro-se, take your constitutional rights and
wipe your ass, petitioner, this is not a democracy up here in
Massachusetts, this is a tyranny, you better hope we do not
rescind your citizenship, and NO, we do not care that you were
born in this country, we  are  Judges, lest you not forget
that.

The petitioner must now submit the complete frosting of the

_____

Exhibit  D.

(6)

CAKE, petitioner received fromONE    "Anastasia Dubrovsky, from
                                                    5
the Office of Circuit Executive, copy of a ORDER dated  January
31, 2002, WHAT, 16 years ago, that the petitioner cannot file a
complaint against a federal judge(s), WOW, see names on said
Order, Torruella and Lynch.  Petitioner immediately forwarded in-
quiry to Ms... Dubrovsky, to forwatrd evidence that said Order
was directed to petitioner, petitioner never saw it, response
from Ms. Dubrovsky, NONE, second request, NO RESPONSE from MS.
Dubrovsky, WOW, to Ms. Dubrovsky, the only thing you are
supervisory attorney of, is the  transgender bathroom.

    The petitioner is now 68 years of age, fearless, college
educated, 3 years of law, to the aforementioned justices,
Sauylor IV, Torruella, Lynch and Barron, you people are
out right SICK, to say that yopu are UNFIT to be Judges,
is a gross understatement.

    For all of you to review the evidence that the petitioner is
referring to, the petitioner has enclosed copy of cover
letrter wth copy ofdocket entries, showing no. 86, who submitted
Ms. Badway, for habeas corpus, no. 16-12431-IT, filed 12/21/16,
then the same  Ms. Badway filed Opposition to petitioner's
Writ of Mandamus in SJC, no. SJ-2017-0182, showing NO docket
entry no. 86, what HAPPENED, then for new habeas corpus,  again
Ms. Badwaysubmitted updated docket entries for habeas corpus,
                                          6
no. 17-11778-FDS, dated  October 31, 2017, You got it, no. 86

Exhibit E.
 Exhibit  F.

(7)

is BACK, WOW, the petitioner submits to this Court, how did
that happened.  The petitioner has also attached within the
Appendix a copy of the Appendix $^7$ when the petitioner filed his
Amended habeas corpus, filed on November 3, 2017, please review
the exhibits, the District Court has everything, petitioner
as directed by the U.S.  Supreme Court, in Townsend, a evident-
iary Hearing is required by District Court, petitioner filed said
request some 3 months ago, what happened, Judge Saylor IV, see you
later petitioner, he does not care what U.S. Supreme Court says,
matter of fact, he uses Supreme Court only when it fits their
intent.

What the petitioner has submitted within these facts, is  falsi-
fying court documents to commit perjury,  and falsifying court
documents is punishable in federal court, by being imprisoned
up to 20 years, WOW, how about obstruction of justice, how about
Aiding and abeting.  Let us put this matter to; rest,  the

Attorney General and SJC Justice knew that they could commit
these federal crimes with this federal Court, district and Court of
Appeals covering their back, no more comment at this time.
Again the U.S. Supreme Court said in FAY, the integrity and mean-
ing of habeas corpus must never be impaired, a swift and complete
action by the District Court is imperative.

_____

Exhibit   G

**(8)**

**Signed under the pains and penalties of perjury
this _____ day of February, 2018 .**

_____
James Peter Kyricopoulos

(9)

### REASONS WHY WRIT SHOULD ISSUE

The reasons set out, the facts submitted by the petitioner, cannot be challenged, the Delay in Adjudicating the present habeas corpus can ONLY be described as violating the petitioner's eighth (8th) amendment of the United States Constitution, "cruel and unusual punishment," how more despicable can it get. This petition clearly exceeeds the demanding standard set by this Court in the issuance of the Writ, how much more does the petitioner have to suffer.

Please take judicial notice, the criminal complaint will be filed before this Court rules upon this Writ, and Yes, U.S.D.J. Saylor IV, with the 3 justices of this Court, will be listed as willing players.

James Peter Kyricopoulos
petitioner, pro-se
presently incarcerated at:
Old Colony Correctional Center
Minimum Security
One Administration Road
Bridgewater, Mass. 02324

Dated:   February 5, 2018.

(10)

## CERTIFICATE OF SERVICE

I, James Peter Kyricopoulos, pro-se do hereby certify that
true copies of the enclosed were mailed to the following
by first class mail, postage prepaid this   6th day of February,
2018:


EVA BADWAY, ASST'  ATTORNEY GENERAL
ON ASHBURTON PLACE
BOSTON, MASSACHUSETTS   02108


U.S.D.J.  F DENNIS SAYLOR   IV
c/o      OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
1 COURTHOUSE WAY,   SUITE 2300
BOSTON, MASSACHUSETTS   02210


James Peter Kyricopoulos

**Dated:  February 6, 2018**

APPENDIX


EXHIBIT  A:   COPY OF DISTRICT COURT'S DENIAL OF MOTION
              OF RECUSAL DATED January 31, 2018.


EXHIBIT  B:   COPY OF DOCKET ENTRIES PRINTED OUT ON  January
              10, 2018.


EXHIBIT C;    COPIES OF TWO NOTICES BY First Circuit Denying
              Writ of Mandamus, nos. 16-1071, dated February 3,
              2016, and no. 17-1291, dated March 31, 2017
              document titled "total constitutional deprivations."


EXHIBIT D:    Copy of Writ of Mandamus dated August 3, 2017, no.
              17-1651, copy of Denial of Motion for Clarification
              dated SEptember 19, 2017.


EXHIBIT  E:   COPIES OF PETITIONER'S REQUEST TO MS. Dubrovsky, and
              her notice dated SEptember 20, 2017 with copy of
              Orderr dated January 31, 2002.


EXHIBIT  F:   Copies  of cover letters with related copies of
              docket entries, dated December 21, 2016, June 5,
              2017, and October 31, 2017.


EXHIBIT  G:   Copy of Appendix filed with amended habeas corpus,
              docket entry no. 18, for habeas corpus no. 17-11778
              -FDS.

**EXHIBIT    A**

**Orders on Motions**

<u>1:17-cv-11778-FDS Kyricopoulos
v. Gaffney</u>

HABEAS,PaperRecord

## United States District Court

### District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 1/29/2018 at 10:35 AM EST and filed on 1/29/2018
**Case Name:**    Kyricopoulos v. Gaffney
**Case Number:**    <u>1:17-cv-11778-FDS</u>
**Filer:**
**Document Number:** 35(No document attached)

**Docket Text:**
**Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered denying [30] Motion for
Recusal; denying [33] Motion for Recusal. COPY MAILED. (Pezzarossi, Lisa)**


**1:17-cv-11778-FDS Notice has been electronically mailed to:**

Eva M. Badway    eva.badway@state.ma.us, appealsefilings@state.ma.us

**1:17-cv-11778-FDS Notice will not be electronically mailed to:**

James Peter Kyricopoulos
W#105398
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JAMES PETER KYRICOPOULOS,            )
    petitioner

                           )

      v.                 )     Civil Action No. 17-11778-FDS

ERIN GAFFNEY,                        )
    respondent

                           )


### PETITIONER'S MOTION OF RECUSAL PURSUANT TO 28 U.S.C. SEC. 455 OF F. DENNIS SAYLOR IV.

**NOW COMES** the petitioner, pro-se and moves this honorable Court,
F. Dennis Saylor IV, pursuant to 28 U.S.C. sec. 455 to Allow his
Motion of Recusal forthwith and shall"**disqualify**" HIMSELF in
this or anyother proceeding that involves the petitioner.
As reasons for; the petitioner has attached an **Affidavit in Supp-
ort of** that is so compelling that any reasonable person would
only conclude one fact, can this Judge because of his bias/pre-
judice commenced legal proceedings to terminate the petitioner's
citizen ship, OH excuse me, the petitioner was born in this
country, WOW. Please understand, the petitioner is in state
custody because the Attorney General and a Justice of the Sup-
reme Court of Massachusetts engaged in cllusion to committ
perjury, IMPOSSIBLE, petitioner, 38 months of false imprisonment

1

must have **clouded"** your judgment, WOW.

ACCORDINGLY, the petitioner's Motion of Recusal must be

Allowed, and that this matter be directed to the Chief Justice

Patty Saris to appoint another district judge to take juris-

diction of this habeas corpus immediately.

Respectfully submitted,

James Peter Kyricopoulos,
petitioner, pro-se
presently incarcerated at:
Old Colony Correctional Center
Minimum Security
ONe Administration Road
Bridgewater, Mass. 02324

Dated: December 27, 2017

---

1.   State agents, Maura Healey and Justice Cypher are
     LESBIANS, come on petitioner, Judge Saylor does not
     want to miss those GAY Outings next summer, do not
     forget petitioner, this is Massachusetts, the blue of
     bluest states.

**EXHIBIT  B**

## Other Events

1:17-cv-11778-FDS Kyricopoulos
v. Gaffney

HABEAS,PaperRecord

### United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 1/10/2018 at 3:16 PM EST and filed on 1/10/2018
**Case Name:**      Kyricopoulos v. Gaffney
**Case Number:**     1:17-cv-11778-FDS
**Filer:**
**Document Number:** 32(No document attached)

**Docket Text:**
**DOCKET SHEET sent to James Peter Kyricopoulos. (Pezzarossi, Lisa)**

**1:17-cv-11778-FDS Notice has been electronically mailed to:**

Eva M. Badway    eva.badway@state.ma.us, appealsefilings@state.ma.us

**1:17-cv-11778-FDS Notice will not be electronically mailed to:**

James Peter Kyricopoulos
W#105398
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

HABEAS,PaperRecord

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:17−cv−11778−FDS

Kyricopoulos v. Gaffney
Assigned to: Judge F. Dennis Saylor, IV
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 09/18/2017
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**James Peter Kyricopoulos**

represented by **James Peter Kyricopoulos**
W#105398
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324
508−279−6000
PRO SE

V.

**Respondent**

**Erin Gaffney**

represented by **Eva M. Badway**
Attorney General's Office
Room 2019
One Ashburton Place
Boston, MA 02108−1698
617−727−2200 x2824
Fax: 671−727−5755
Email: eva.badway@state.ma.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2017 | 1 | PETITION for Writ of Habeas Corpus pursuant to 28:2254, filed by James Peter Kyricopoulos.(Coppola, Katelyn) (Entered: 09/18/2017) |
| 09/18/2017 | 2 | MEMORANDUM OF LAW in Support of Petition 2254. Statement of Fact by James Peter Kyricopoulos in re 1 Petition for Writ of Habeas Corpus (28:2254). (Coppola, Katelyn) (Entered: 09/18/2017) |
| 09/18/2017 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge F. Dennis Saylor, IV assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Coppola, Katelyn) (Entered: 09/18/2017) |
| 09/19/2017 | 4 | Filing fee/payment: $5.00, receipt number 1BST064455 for 1 Petition for Writ of Habeas Corpus (28:2254) (Coppola, Katelyn) (Entered: 09/19/2017) |
| 10/05/2017 | 5 | Letter to the Court from James Peter Kyricopoulos. (Geraldino−Karasek, Clarilde) (Entered: 10/05/2017) |
| 10/05/2017 | 6 | DOCKET SHEET sent to James Peter Kyricopoulos W#105398 Old Colony Correctional Center 1 Administration Road Bridgewater, MA 02324 (Geraldino−Karasek, Clarilde) (Entered: 10/05/2017) |
| 10/10/2017 | 7 | Judge F. Dennis Saylor, IV: ORDER entered. SERVICE ORDER re 2254 Petition. Order entered pursuant to R.4 of the Rules governing Section 2254 cases for service on respondents. Answer/responsive pleading due w/in 21 days of receipt of this order. (Maynard, Timothy) (Entered: 10/10/2017) |

| | | |
|---|---|---|
| 10/16/2017 | 8 | MOTION to Amend 1 Petition for Writ of Habeas Corpus (28:2254) by James Peter Kyricopoulos.(Maynard, Timothy) (Entered: 10/16/2017) |
| 10/17/2017 | 9 | Letter/request (non-motion) from James Peter Kyricopoulos. (DOCKET SHEET SENT on this date) (Maynard, Timothy) (Entered: 10/17/2017) |
| 10/19/2017 | 10 | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered granting 8 Motion to Amend. Petitioner is directed to file a complete Amended Petition by 11/2/2017. COPY MAILED. (Pezzarossi, Lisa) (Entered: 10/19/2017) |
| 10/19/2017 | 11 | MOTION for Immediate Release by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 10/19/2017) |
| 10/19/2017 | 12 | ADDENDUM re 1 Petition for Writ of Habeas Corpus (28:2254) filed by James Peter Kyricopoulos by James Peter Kyricopoulos. (Attachments: # 1 Exhibit)(Maynard, Timothy) (Entered: 10/19/2017) |
| 10/27/2017 | 13 | Letter/request (non-motion) from James Peter Kyricopoulos. requesting D. 7 (Document sent on this date) (Maynard, Timothy) Modified on 10/27/2017 (Maynard, Timothy). (Entered: 10/27/2017) |
| 10/31/2017 | 14 | NOTICE of Appearance by Eva M. Badway on behalf of Erin Gaffney (Badway, Eva) (Entered: 10/31/2017) |
| 10/31/2017 | 15 | NOTICE by Erin Gaffney Regarding Existence of Victim (Badway, Eva) (Entered: 10/31/2017) |
| 10/31/2017 | 16 | MOTION to Dismiss by Erin Gaffney. (Attachments: # 1 Exhibit State Court Docket, # 2 Exhibit State Appeals Court Docket, # 3 Exhibit State Appeals Court Docket, # 4 Exhibit S1 Docket, # 5 Exhibit SJ petition, # 6 Exhibit USDC docket, # 7 Exhibit USDC docket)(Badway, Eva) (Entered: 10/31/2017) |
| 10/31/2017 | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss filed by Erin Gaffney. (Badway, Eva) (Entered: 10/31/2017) |
| 11/02/2017 | 18 | AMENDED PETITION for Writ of Habeas Corpus pursuant to 28:2254, filed by James Peter Kyricopoulos. (Attachments: # 1 Exhibit)(Maynard, Timothy) (Entered: 11/02/2017) |
| 11/06/2017 | 19 | Letter/request (non-motion) from James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | 20 | MOTION to Compel by James Peter Kyricopoulos.(Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | 21 | MOTION for Evidentiary Hearing by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | 22 | MOTION for Immediate Release by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/06/2017 | 23 | Opposition re 16 MOTION to Dismiss filed by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/06/2017) |
| 11/13/2017 | 24 | Amended PETITION for Writ of Habeas Corpus pursuant to 28:2254, filed by James Peter Kyricopoulos. (Attachments: # 1 Exhibits)(Maynard, Timothy) (Entered: 11/13/2017) |
| 11/21/2017 | 25 | DECLARATION by James Peter Kyricopoulos. (Maynard, Timothy) (Entered: 11/21/2017) |
| 12/04/2017 | 26 | Letter/request (non-motion) from James Peter Kyricopoulos. (Halley, Taylor) (Entered: 12/05/2017) |
| 12/05/2017 | 27 | DOCKET SHEET sent to James Peter Kyricopoulos (Halley, Taylor) (Entered: 12/05/2017) |
| 12/08/2017 | 28 | Chronology of Post-Conviction Petitions Attacking State Convictions by James Peter Kyricopoulos. (Halley, Taylor) (Entered: 12/20/2017) |

| 12/18/2017 | 28 | Petitioner's ADDENDUM to re 21 MOTION for Hearing filed by James Peter Kyricopoulos. (Halley, Taylor) (Entered: 12/20/2017) |
| 01/02/2018 | 30 | MOTION to recuse Judge F. Dennis Saylor from case by James Peter Kyricopoulos.(Halley, Taylor) (Entered: 01/08/2018) |
| 01/10/2018 | 31 | Letter/request from James Peter Kyricopoulos to Chief Justice Patty Saris. (Pezzarossi, Lisa) (Entered: 01/10/2018) |
| 01/10/2018 | 32 | DOCKET SHEET sent to James Peter Kyricopoulos. (Pezzarossi, Lisa) (Entered: 01/10/2018) |

**EXHIBIT    C**

# United States Court of Appeals
## For the First Circuit

No. 16-1071

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

---

Before

Howard, <u>Chief Judge</u>
Kayatta and Barron, <u>Circuit Judge</u>.

---

**JUDGMENT**

Entered: February 3, 2016

Petitioner's mandamus petition complains about delay on the part of a magistrate-judge in failing to adjudicate a § 2254 petition that was docketed on June 23, 2015. Petitioner asks this court to issue a writ of mandamus "immediately demanding that Magistrate Boal issue her 'Report and Recommendation.'" The petition for writ of mandamus is denied. Complaints about delay on the part of a magistrate-judge should be addressed in the first instance to the district court judge who referred the matter to the magistrate-judge.

<u>Denied.</u>

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

cc:   James P. Kyricopoulos
      Annette C. Benedetto

# United States Court of Appeals
## For the First Circuit

_____

No. 17-1291

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

_____

Before,

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

_____

### JUDGMENT

Entered: March 31, 2017

Petitioner James Peter Kyricopoulos has filed a petition for writ of mandamus, asking this court to intervene in a 28 U.S.C. § 2254 proceeding currently pending before the district court (1:16-cv-12431-IT).  Having carefully reviewed petitioner's filings and relevant portions of the record, we conclude that the extraordinary remedy of mandamus is not in order.  See generally In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 (1st Cir. 2000) (general mandamus principles).  The petition for writ of mandamus is **DENIED**, and any remaining pending motions are **DENIED** as moot.  See Local Rule 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway

No. SJ-2017-0182

## TOTAL CONSTITUTIONAL DEPRIVATIONS

1. Petitioner was arrested without "probable cause," within his Petition of Unlawful Restraint:

   U.S. and Mass. Constitutioins: 4th, 5th, 6th and 14th amendments;

2. Petitioner DEnied Fair Trial: 5th, 6th and 14th amendments to U.S. and Mass. Constitutions;

3. Deied Due Process; 5th and 14th amendments of U.S. and Mass. Constitutiins;

4. Denied Equal Protection of Law, being able to Appeal Petition of Unlawful Restraint, Crim. R. 30A;,

   5th and 14th amendments of U.S. and Mass. Constitutions;

   throw in 6th amendment also of both constitutions, fair trial.

5. Denied Due Process in obtaining pre-trial and trial transcripts;

   5th, 6th, and 14th amendments of both constitutions;

6. Denied Eqwual Protection of Administrative Order, no. 09-2, obtainingtranscripts  within time stansdards of said Administrative Order, No. 09-2:

   5th, 6th and 14th amendments of both constitutions.

This ENOUGH, only in the Commonwealth, 32 months of false

imprisonment, petitioner counts "ONLY" 18 violations of the

United States and Massachusetts Constyitutions.


WOW, repeat, WOW, please put out a "all out points bulletin,"

(APB), where is the Attorney General, top cop, what a JOKE.

**EXHIBIT   D**

# United States Court of Appeals
## For the First Circuit

No. 17-1374

JAMES PETER KYRICOPOULOS,

Petitioner, Appellant,

v.

JOSEPH MURPHY,

Respondent, Appellee.

No. 17-1651

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Torruella, Lynch and Barron,
Circuit Judges.

## JUDGMENT

Entered: August 3, 2017

Petitioner James Peter Kyricopoulos has filed an application for certificate of appealability ("COA") (17-1374), stemming from the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of exhaustion, and a related petition for writ of mandamus (17-1651). Neither debatable nor wrong was the district court's conclusion that, at the time of its ruling in the § 2254 proceeding, Kyricopoulos had not exhausted his state remedies. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (COA standard); see also 28 U.S.C. § 2254(b)(1)(A) (requiring § 2254 petitioner to "exhaust[] the remedies available in the courts of the State"); Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010) (noting that exhaustion in Massachusetts requires presentation of a claim "fairly and recognizably to the SJC"). Accordingly, the application for COA is **DENIED**, and appeal 17-1374 is terminated.

As for the mandamus petition, having carefully reviewed Kyricopoulos' filings, we conclude that the extraordinary remedy of mandamus is not in order. See generally In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 (1st Cir. 2000) (general mandamus principles). The petition for writ of mandamus is **DENIED**. See Local Rule 27.0(c).

In light of the foregoing, Kyricopoulos' motion to consolidate the proceedings and his motion to proceed in forma pauperis in the mandamus proceeding are **DENIED** as moot. Also **DENIED** as moot are Kyricopoulos' various motions to amend his mandamus petition and to file addenda, as the content of the proposed amendments and/or addenda would not alter the outcome of the mandamus proceeding. Any other pending motions are denied as moot.

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway
Maura Doyle

# United States Court of Appeals
## For the First Circuit

No. 17-1374

JAMES PETER KYRICOPOULOS,

Petitioner, Appellant,

v.

JOSEPH MURPHY,

Respondent, Appellee.

No. 17-1651

IN RE: JAMES PETER KYRICOPOULOS,

Petitioner.

Before

Torruella, Lynch and Barron,
<u>Circuit Judges.</u>

### ORDER OF COURT

Entered: September 19, 2017

Petitioner James Peter Kyricopoulos has filed a "motion for clarification" in appeals 17-1374 and 17-1651. With regard to appeal 17-1374, we construe the motion as a motion to recall mandate, and the motion is **DENIED**. With regard to appeal 17-1651, we construe the motion as a second petition for panel rehearing, and the petition is **DENIED**.

By the Court:

/s/ Margaret Carter, Clerk

cc:
James Peter Kyricopoulos
Eva Marie Badway
Maura Doyle

**EXHIBIT   E**

Dated:  Sept. 26, 2017


VIA FIRST CLASS MAIL.


ATTN:  ANASTASIA DUBROVSKY
SUPERVISORY ATTORNEY
UNITED STATES COURTS FOR
THE FIRST CIRCUIT
OFFICE OF ҂THE CIRCUIT EXECUTIVE
JOHN JOSEPH MOAKLEY UNITED STATES
COURTHOUSE
1 COURTHOUSE WAY,  SUITE 3700
BOSTON, MASSACHUSETTS  02210


In Re:  Correspondence dated Sept. 20, 2017


Dear Ms. Anastasia;

     Forgive my indulgence, I am forwarding this to your attention
re: your correspondence that you forwarded to me, please see encᴚ
losed are true copies of what you forwarded to me:

────── ───────── ──────── 1. ─Your─cover─letter─dated─Sept.─20,─2017;─────── ────── ────── ────

                    · 2.  Copy of a Complaint, no. 308 re: an Order
                         from the Judicial Council for the First
                         Circuit dated January 31, 2002;  WOW;

                      3.  Copy of my correspondence to Margaret Carter
                         dated Sept. 4, 2017, pages 1-4.

First, the Order from the JudicialCounsil  you state that no
judicial misconduct complaints will be accepted from me, REALLY.

In light that I have never seen that Order, and the timing is
laughable, in light that the Order is 15 years old, WOW, you went
deep tp go into the archives

Second, it appears that my correspondence to Ms. Carter is being
treated as a judicial complaint which of course it is not, but ag
ain very interesting.

Thirdly, in March of last year, within habeas corpus no. 16-12431-IT, I requested that your office forward me a complaint form for judicial misconduct and disability, Order was issued by U.S.D.J. Talwani, see copy of docket entry nos. 51-52 where clear inference can be drawn. What is very interesting, I never heard from your office re: this Order from the Judicial Council, again quite a revelation.

Of course I know what this is all about, jusdt receiving an Order from the First Circuit Court of Appeals re: egregious misconduct by government officials, as the United States District Court and First Circuit know that I am in prison only because of state government misconduct.

See "United States  v. Therrien,  2017, First circuit,"

See "Wheel  v. Robinson, second circuit, 1993,"

See Averhahn v.  United States, first circuit, 2009.


What are those cases about, the First Circuit knows, and I am being detained  falsely, and this First Circuit could care less.

So I request that you kindly respond to the fpllowing:


A.   Who directed you to forward the Judicial Counsil
     Order to me;


B.   In light that my name does not appear within any part
     of that Order, forward evidence to me that said
     Complaint has anything to do with me;


Amazing revelation!!!!

                                    Sincerely,


                                    James Peter Kyricopoulkos,
                                     W-105398
                                    presently incarcerated at:
                                    OLd Colony Correctional Center
                                    Minimum Security
        JPK                         One Administration Road
        enclosures                  Bridgewater, Mass. 02324
        cc:  Charles Grassey



UNITED STATES COURTS FOR THE FIRST CIRCUIT
OFFICE OF THE CIRCUIT EXECUTIVE
JOHN JOSEPH MOAKLEY UNITED STATES COURTHOUSE
1 COURTHOUSE WAY - SUITE 3700
BOSTON, MA 02210

SUSAN J. GOLDBERG
CIRCUIT EXECUTIVE
617-748-9614

FLORENCE PAGANO
DEPUTY CIRCUIT EXECUTIVE
617-748-9376

September 20, 2017

James Peter Kyricopoulos
Old Colony Correctional Center
Minimum Security
One Administration Road
Bridgewater, MA  02324

Re:   Correspondence

Dear Mr. Kyricopoulos,

The enclosed correspondence, dated September 4, 2017, has been referred to my attention. The letter appears to lodge allegations of judicial misconduct against Judge Talwani and Magistrate Boal, both of the United States District Court for the District of Massachusetts. Pursuant to the Order issued by the Judicial Council of the First Circuit on January 31, 2002 (copy enclosed), "no new complaints of judicial misconduct shall be accepted" from you. Accordingly, the correspondence will not be accepted for filing as a judicial misconduct complaint.

Sincerely,

Anastasia Dubrovsky
Supervisory Attorney

enclosure

me

JUDICIAL COUNCIL
FOR THE FIRST CIRCUIT

---

IN RE
COMPLAINT NO. 308

---

BEFORE

Torruella, Stahl, Lynch, Lipez, <u>Circuit Judges</u>
Lagueux, Woodlock, DiClerico, Dominguez, Singal, <u>District Judges</u>

---

ORDER

ENTERED: JANUARY 31, 2002

---

Petitioner, a pro se litigant, has filed a petition for review of Chief Judge Boudin's dismissal of his complaint of misconduct under 28 U.S.C. § 372(c) against an appellate judge and a district judge in the First Circuit. The petitioner has also filed a written opposition seeking to show cause why his ability to file further complaints should not be limited in response to a Show Cause Order, issued by Chief Judge Boudin in the same matter on October 5, 2001.

The petitioner originally alleged that the appellate and district judges engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts in connection with a previous complaint that the petitioner submitted against four clerks -- two of the court of appeals and two of the district court.[1] The petitioner essentially alleged that the judges improperly dismissed and mishandled the complaint against the clerks. The petitioner asserted that the judges could not impartially consider the complaint against the clerks because,

---

[1] The complaint also included allegations of wrongdoing by the then Circuit Executive and one of his assistants. By letter, dated October 5, 2001, Chief Judge Boudin dismissed the allegations of misconduct by these two officials.

as members of the First Circuit Judicial Council, they had reviewed another of petitioner's judicial misconduct complaints (No. 282) that related to the complaint against the clerks.

Chief Judge Boudin dismissed the complaint. The Chief Judge determined that both judges thoroughly investigated the petitioner's allegations of clerical impropriety, drew reasonable conclusions and properly notified the petitioner of the results of their investigations. As the petitioner failed to substantiate the allegation that the judges' review of the petitioner's prior judicial misconduct complaint in any way prejudiced their evaluation of the complaint against the clerks, Chief Judge Boudin dismissed the complaint as without sufficient basis to warrant further investigation. See 28 U.S.C. § 372(c)(3)(A)(iii).

Because the petitioner had filed misconduct complaints against three or more individual judges that had been found to be clearly without merit (No. 253, No. 282, and No. 308), the Chief Judge also issued a Show Cause Order, dated October 5, 2001, directing the petitioner to show cause why the Judicial Council should not enter an order precluding the petitioner from filing any further judicial misconduct complaints.[2]

In the petition for review, the petitioner states that his complaint and the Chief Judge's order are from "two different worlds." The petitioner states that the Chief Judge "glosses over" the original allegations – that at the "root" of the complaint was the claim that the accused judges conspired with the previous Circuit Executive and one of his assistants to disseminate to the petitioner an outdated version of the Rules of the Judicial Council of the First Circuit Governing

---

[2]The complainant filed Complaint No. 253 against a district judge on December 9, 1997 alleging delay and impropriety in connection with a civil case over which the judge presided. On February 17, 1998, then Chief Judge Torruella dismissed Complaint No. 253 pursuant to 28 U.S.C. §§ 372(c)(3)(A)(ii), 372(c)(3)(A)(iii). On June 8, 1998, the Judicial Council affirmed the order of dismissal. The complainant filed Complaint No. 282 on December 3, 1999 against three district judges and one appellate judge. Complaint No. 282 alleged misconduct in connection with multiple criminal and civil proceedings before the court. On March 29, 2000, Judge Selya dismissed Complaint No. 282 pursuant to 28 U.S.C. §§ 372(c)(3)(A)(ii), 372(c)(3)(A)(iii). On September 8, 2000, the Judicial Council affirmed the order of dismissal.

Complaints of Judicial Misconduct or Disability (Rules of Judicial Misconduct). The petitioner

secondarily alleges that, when they dismissed the complaint against the four clerks, the judges

were "not aware that the [petitioner] was in possession of the new rules."

In opposition to the Show Cause Order, the petitioner submits a copy of a letter from an

Assistant United States Attorney to the petitioner, dated January 2, 2001, stating that the

petitioner's "complaint" is not within the jurisdiction of the U.S. Department of Justice. The

petitioner seemingly argues that, because this letter does not indicate that the judicial misconduct

complaint to which it purportedly refers lacks an evidentiary basis, the unidentified complaint

was erroneously dismissed. The petitioner further states that, in response to Complaint No. 282,

both the Chief Judge and Judicial Council wrongfully neglected to inform the petitioner of his

right to bring criminal charges to the appropriate authorities. Utilizing vulgar, inappropriate

language, the petitioner concludes that he will forward his criminal complaint to the United

States Attorney.

The petition for review is without merit. The petitioner's assertion that the complaint

actually alleged that the judges conspired with representatives of the Circuit Executive's Office

is baseless. A review of the record indicates that Chief Judge Boudin clearly responded to the

allegations contained in the original complaint. Further, by letter, dated October 5, 2001, Chief

Judge Boudin notified the petitioner that the allegations of misconduct by these officials were

unfounded. Any remaining claim that the judges wrongfully conspired with these officials is

presented without a shred of factual substantiation. The petitioner's related assertion that, when

they dismissed the complaint against the four clerks, the judges were unaware that the petitioner

had retained the new Rules of Judicial Misconduct is irrelevant to any allegation of judicial misconduct. Accordingly, the complaint was properly dismissed. See 28 U.S.C. § 372(c)(3)(A)(iii).

The petitioner's opposition to the Show Cause Order is equally vacuous. Aside from the petitioner's inappropriate language, the statement that an unidentified complaint is outside the purview of the jurisdiction of the U.S. Department of Justice has no bearing on the merits of the complaint. Further, orders of dismissal need only inform a complainant of the right to bring "non-frivolous allegations of criminal conduct by a judge" to the appropriate authorities when they are dismissed "solely for lack of jurisdiction under 28 U.S.C. § 372(c)." Rules of Judicial Misconduct, Rule 4(i). Each of the petitioner's multiple misconduct complaints (No. 253, No. 282, and No. 308) contained only frivolous allegations; none were dismissed for lack of jurisdiction under the misconduct statute. As the petitioner has filed exclusively repetitive, baseless complaints of judicial misconduct against numerous judges and fails to provide any meaningful reason why he should not be precluded from continuing to submit such claims, the petitioner is restricted from filing any further complaints of judicial misconduct. See Rules of Judicial Misconduct, Rule 1(f).

For the reasons stated herein, the order of dismissal is affirmed. It is further ordered that, until otherwise directed by the Judicial Council, no new complaints of judicial misconduct shall be accepted by the petitioner.

_____

Gary H. Wente, Secretary

-4-

**EXHIBIT  F**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES PETER KYRICOPOULOS,<br>Petitioner,<br><br>v.<br><br>JOSEPH MURPHY<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 16-12431-IT |

## <u>MOTION TO DISMISS</u>

The respondent, Joseph Murphy, the Superintendent of Old Colony Correctional Center, respectfully moves this Court to dismiss the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that the petition contains unexhausted claims. *See Rose v. Lundy*, 455 U. S. 509, 518-519 (1982). The respondent relies on the accompanying memorandum of law in support of his motion to dismiss.

WHEREFORE, for the foregoing reasons, the respondent requests that this Court dismiss this action in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

MAURA HEALEY

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2824
BBO # 635431

Dated:   December 21, 2016

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 05/12/2014 | Commonwealth files Opposition To The Defendant's Motion To Dismiss. | 67 |
| 05/16/2014 | Defendant James Peter Kyricopoulos' Reply to Commonwealth Opposition to Defendant's Motion To Dismiss. | 68 |
| 05/22/2014 | Defendants James Peter Kyricopoulos' addendum to defendants motion to dismiss filed in court | 69 |
| 05/22/2014 | Motion to dismiss taken under advisement (Lu, J) | 70 |
| 05/30/2014 | Records from OCWEN Loan Servicing, LLC, Corporation Service Company - received. | 71 |
| 08/20/2014 | Correspondence from defendant received and forwarded to Judge Lu. | 72 |
| 09/08/2014 | Order On Defendant's Motion To Dismiss ORDER The defendant, James P. Kyricopoulos', motion to dismiss (paper #65) is DENIED. (John T. Lu, Justice) copy to Deft. J.P.K & ADA P.M. | 73 |
| 09/10/2014 | Sua Sponte bail hearing held - Court reduces bail to $5,000.00 Cash. (Lu, J.) | |
| 09/10/2014 | Defendant, James Peter Kyricopoulos's Emergency Motion To Stay the Proceedings - The request for a stay is Denied. (John T. Lu, Justice) | 75 |
| 09/18/2014 | Defendant, James Peter Kyricopoulos's Motion For Reconsideration Of Judge Lu's Order Dated September 8, 2014 - filed. (copy of motion and Bound Exhibits forwarded to Judge Lu with docket sheets. | 76 |
| 09/18/2014 | Motion #76 (Defendant, James Peter Kyricopoulos's Motion For Reconsideration Of Judge Lu's Order Dated September 8, 2014) - This motion is DENIED. (John T. Lu, Justice) copy to Def. J.P.K. | |
| 10/02/2014 | Motion to squash subpoena filed in court - all parties notified | 77 |
| 10/02/2014 | Notice sent to both parties on 10/2/2014 to appear on 10/9/14 at 9:30am Re: subpeunoa | 78 |
| 10/07/2014 | Defendant, James Peter Kyricopoulos's Motion For Sequestration Of Witnesses - filed. | 79 |
| 10/07/2014 | Defendant James Peter Kyricopoulos's Notice Of Witness Served. | 80 |
| 10/09/2014 | Records from the Peoples United Bank received. | 81 |
| 10/10/2014 | Motion #77 denied without prejudice (Feeley, J) . | |
| 10/15/2014 | Event Result: The following event: Jury Trial scheduled for 10/15/2014 09:00 AM has been resulted as follows: Result: Held as Scheduled | |
| 10/21/2014 | MOTION by Deft: for finding of not guilty pursuant to criminal rule 25 | 82 |
| 10/21/2014 | MOTION (P#82) denied (Thomas Drechsler, Justice). | |
| 10/22/2014 | RE Offense 2:Guilty verdict | |
| 10/22/2014 | RE Offense 4:Guilty verdict | |
| 10/22/2014 | RE Offense 5:Guilty verdict | |
| 10/22/2014 | RE Offense 6:Guilty verdict | |
| 10/22/2014 | RE Offense 7:Guilty verdict | |
| 10/22/2014 | RE Offense 8:Guilty verdict | |
| 10/22/2014 | RE Offense 9:Guilty verdict | |
| 10/22/2014 | RE Offense 10:Guilty verdict | |
| 10/22/2014 | RE Offense 11:Guilty verdict | |
| 10/22/2014 | RE Offense 12:Guilty verdict | |
| 10/22/2014 | RE Offense 13:Guilty verdict | |



**MAURA HEALEY**
**ATTORNEY GENERAL**

### THE COMMONWEALTH OF MASSACHUSETTS
### OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

(617) 727-2200
www.mass.gov/ago

June 5, 2017

Ms. Maura S. Doyle
Clerk
Supreme Judicial Court for Suffolk County
John Adams Courthouse, Suite 1300
Boston, Massachusetts 02108

     RE:   **James Peter Kyricopoulos v. Thomas H. Driscoll,**
           **Clerk of Court Courts for Essex County,**
           SJ-2017-0182

Dear Ms. Doyle:

     Enclosed for filing in the above-referenced case is a notice of appearance and the respondent Thomas Driscoll's Opposition to the Petition Under G.L. c. 211, § 3 and a certificate of service. Thank you for your attention to this matter.

                      Sincerely,

                      Eva M. Badway
                      Assistant Attorney General
                      Criminal Bureau
                      Tel. (617) 963-2824

Enclosure

cc:    James Peter Kyricopoulos, pro se

Massachusetts Trial Court

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/22/2014 | RE Offense 11:Guilty verdict | |
| 10/22/2014 | RE Offense 12:Guilty verdict | |
| 10/22/2014 | RE Offense 13:Guilty verdict | |
| 10/22/2014 | RE Offense 14:Guilty verdict | |
| 10/22/2014 | RE Offense 15:Guilty verdict | |
| 10/22/2014 | RE Offense 16:Guilty verdict | |
| 10/22/2014 | RE Offense 17:Guilty verdict | |
| 10/22/2014 | RE Offense 18:Guilty verdict | |
| 10/22/2014 | RE Offense 19:Guilty verdict | |
| 10/27/2014 | Sentence imposed to State Prison: Counts 001-010, Not more than 5 years and not less than 3 years all to run concurrent with one another. Counts 011-019, 8 years probation from and after time served | |
| 10/27/2014 | RE Offense 1:Guilty verdict | |
| 10/27/2014 | RE Offense 3:Guilty verdict | |
| 10/27/2014 | RE Offense 5:Guilty verdict | |
| 10/28/2014 | Commonwealth files sentencing memorandum . | 84 |
| 10/28/2014 | NOTICE of APPEAL FILED by James Kyricopoulos | 87 |
| 10/29/2014 | Deft files petition for release of unlawful restraint pursuant to criminal rule 30(A) | 88 |
| 10/31/2014 | Notice of appeal from sentence to Cedar Junction MCI (Walpole) filed by James Kyricopoulos | 88.1 |
| 10/31/2014 | Letter transmitted to the Appellate Division. All parties notified 11/24/2014. | 89 |
| 01/05/2015 | Court Reporter Lynch, Jr., John M. is hereby notified to prepare one copy of the transcript of the evidence of 05/22/2014 | |
| 01/05/2015 | Court Reporter JAV Essex CV CtRm 1 Lawrence is hereby notified to prepare one copy of the transcript of the evidence of 10/15 - 27/2014 | |
| 01/13/2015 | Updated docket sheets mailed to Defendant, James Peter Kyricopoulos at MCI Cedar Junction, Walpole, MA per request from Defendant. | 93 |
| 02/13/2015 | Updated docket sheets mailed to Defendant, James Peter Kyricopoulos at MCI Cedar Junction, Walpole, MA per request from Defendant. | |
| 03/11/2015 | Court received letter from Executive Office of Trial Court enclosing letter from defendant and related attachments - received 2/25/15 | 96 |
| 03/18/2015 | Defendant 's  Motion for Habeas Corpus Ad Testificandum | 97 |
| 03/19/2015 | Defendant 's  Motion for | 98 |
| | Defendant, james Peter Kyricopoulos' Motion For Recusal Of Superior court Judge Thomas Dreschler and Affidavit in Support Of - filed.  (copy of motion and docket sheets to Judge Dreschler) | |
| 03/25/2015 | CD of Transcript of 10/15/2014 09:00 AM Jury Trial received from Court Reporter Transcripts received on Digital Format from Court Transcribers Theresa Bullock & Laura Dellinger for dates 10/15/14, 10/16/14, 10/17/14. 10/20/14, 10/21/14 & 10/27/14.. | 99 |
| 03/30/2015 | Endorsement on Motion for Recusal, (#98.0):  DENIED | |
| | Applies To: Kyricopoulos, James P (Defendant); Strasnick, Esq., Jessica Michele (Attorney) on behalf of Commonwealth (Prosecutor); Mallard, Esq., Philip Anthony (Attorney) on behalf of Commonwealth (Prosecutor) | |
| 03/30/2015 | The following form was generated: A Clerk's Notice was generated and sent to: | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES PETER KYRICOPOULOS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-11778-FDS |
| | ) | |
| ERIN GAFFNEY | ) | |
| Respondent. | ) | |
| | ) | |

## NOTICE OF APPEARANCE

Pursuant to Local Rule 83.5.2, please enter my appearance as counsel for the respondent,

Erin Gaffney, the Superintendent of Old Colony Correctional Center.

Respectfully submitted,

MAURA HEALEY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2824
Dated: October 31, 2017                BBO # 635431

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on October 31,
2017.

/s/ Eva M. Badway
Eva M. Badway

Massachusetts Trial Court

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 10/22/2014 | RE Offense 10:Guilty verdict | |
| 10/22/2014 | RE Offense 11:Guilty verdict | |
| 10/22/2014 | RE Offense 12:Guilty verdict | |
| 10/22/2014 | RE Offense 13:Guilty verdict | |
| 10/22/2014 | RE Offense 14:Guilty verdict | |
| 10/22/2014 | RE Offense 15:Guilty verdict | |
| 10/22/2014 | RE Offense 16:Guilty verdict | |
| 10/22/2014 | RE Offense 17:Guilty verdict | |
| 10/22/2014 | RE Offense 18:Guilty verdict | |
| 10/22/2014 | RE Offense 19:Guilty verdict | |
| 10/23/2014 | Cash Bail Received ($15,000.00) TOTAL of ($20,000.00) | 83 |
| 10/27/2014 | Sentence imposed to State Prison: Counts 001-010, Not more than 5 years and not less than 3 years all to run concurrent with one another. Counts 011-019, 8 years probation from and after time served | |
| 10/27/2014 | RE Offense 1:Guilty verdict | |
| 10/27/2014 | RE Offense 3:Guilty verdict | |
| 10/27/2014 | RE Offense 5:Guilty verdict | |
| 10/27/2014 | Victim-witness fee assessed: $90.00 (Thomas Drechsler, Justice) | |
| 10/27/2014 | Probation supervision fee assessed: WAIVED (Thomas Drechsler, Justice) | |
| 10/28/2014 | Commonwealth files sentencing memorandum | 84 |
| 10/28/2014 | MOTION by Deft: renewed for finding of not guily pursuant to criminal rule 25 | 85 |
| 10/28/2014 | MOTION (P#85) denied (Thomas Drechsler, Justice). Copies mailed 10/28/14 | |
| 10/28/2014 | MOTION by Deft: to waive costs | 86 |
| 10/28/2014 | MOTION (P#86) allowed in part to the extent that this shall act as the defendants request for a transcript or transcript order. The issue of cost is reserved. (Thomas Drechsler, Justice). Copies mailed 10/28/2014 | |
| 10/28/2014 | NOTICE of APPEAL FILED by James Kyricopoulos | 87 |
| 10/29/2014 | Deft files petition for release of unlawful restraint pursuant to criminal rule 30(A) | 88 |
| 10/31/2014 | Notice of appeal from sentence to Cedar Junction MCI (Walpole) filed by James Kyricopoulos | 88.1 |
| 10/31/2014 | Letter transmitted to the Appellate Division. All parties notified 11/24/2014. | 89 |
| 11/03/2014 | MOTION (P#88) denied (Thomas Drechsler, Justice). Copies mailed 11/03/2014 | |
| 12/22/2014 | MOTION by Deft: to amend petition of unlawful restraint pursuant to criminal rule 30A | 90 |
| 12/22/2014 | MOTION (P#90) allowed only to the extent that this pleading seeks to amend the prior pleading. No further amendments will be permitted. (Thomas Drechsler, Justice). Copies mailed 12/22/2014 | |
| 01/05/2015 | Court Reporter Lynch, Jr., John M. is hereby notified to prepare one copy of the transcript of the evidence of 05/22/2014 | |
| 01/05/2015 | | |

**EXHIBIT   G**

## APPENDIX

**EXHIBIT A:** COPY OF DISTRICT COURT"S Order of DISMISSAL DATED  March 31, 2017, of Habeas Corpus no. 15-12789-IT.


**EXHIBIT B:** Petitioner's Motion for Court Order by A Single Justice of the appeals Court;

AND

Court's Order dated June 9, 2016, no.2016-J-0223.


**EXHIBIT C:** Copies of Statement of Case for Appellate Court Entry Statement and Notice of Assembly of Record dated June 21, 2016;

AND

SUPREME JUDICIAL COURT DENYING WRIT OF MANDAMUS DATED SEPT. ¢, @)!¢, NO. SJ-2016-0342.


**EXHIBIT D:** DOCUMENT TITLED "TOTAL CONSTITUTIONAL DEPRIVATIONS, FOR NO. SJ-2017-0182.


**EXHIBIT E:** COPY OF DOCKET ENTRIES  AND SUPREME JUDICIAL COURT' DENIAL OF WRIT OF MANDAMUS, DATED June 12, 2017 and June 19, 2017;

AND

Appendix for Writ of Mandamus, no. SJ-2017-0182, Exhibits A-I, pages 1-2.

AND

Copies of Cover Letter for Motion to Dismiss
dated December 21, 2016 for Habeas Corpus no. 16-
12431-IT, submitted by Asst' attorney General
Eva Badway;

AND

Eva Badway's Notice of Appearance and Respondent'
Opposition to Petition under G.L. c. 211,
sec. 3  dated June 5, 2017, no. SJ-2017-0182.;

AND

Petitioner's Reply dated June 8, 2017 with
Motion to Amend Relief.

EXHIBIT F:        Commonwealth's Motion in Limine dated October 19,
                  2014;

        AND

        Detective MacMillam of Lawrence Police Depart-
        ment Incident Report dated June 25, 2012;

        AND

        Defendant's Motion for Records/Memorandum of
        Law dated  December 19, 2012, submitted by
        Attorney Allison.